## Camphuis et al., Trustees, *v.* Bradford County Board of Assessment and Revision of Taxes. Bradford County Appeal.

Argued April 16, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*William G. Schrier,* for appellant.

*Robert L. Bennett* submitted a brief for appellee.

OPINION BY DITHRICH, J., July 23, 1948:

The County of Bradford has appealed from an order of the Court of Common Pleas sustaining an appeal from the decision of the Board of Assessment and Revision of Taxes fixing the assessed valuation of certain real estate in Towanda Borough, known as the "Mercur Block," at $22,500 for the tax year 1946.

The court found the fair market value of the property to be $35,000, but fixed the assessed valuation at $17,500, or 50% of its actual value, in order to bring it in line "with other assessments in the county."

Had the evidence supported appellees' contention of a fixed ratio of assessment at 50% of market value uniformly applied throughout the taxing district, there would have been justification for the learned court's finding. "The principle of uniformity is the guide post pointing the way for the local assessor . . . and for the courts in making such orders and decrees as may seem equitable and just on appeal": *Lehigh & Wilkes-Barre Coal Co. v. Luzerne County,* 225 Pa. 267, 270, 74 A. 67. See also *Mineral Railroad & Mining Co. v. Northumberland County Commrs. (No. 1),* 229 Pa. 436, 78 A. 991; *Allentown's Appeals,* 147 Pa. Superior Ct. 385, 24 A. 2d 109. But as we said in *Phinney v. Board of Revision, etc.,* 161 Pa. Superior Ct. 101, 53 A. 2d 889, speaking through Judge HIRT, page 105:

". . . to reduce an assessment of land below its actual value in the interest of equality, there must be proof by a preponderating weight of the evidence of a fixed ratio, of assessment of lands, to market value, uniformly applied throughout the taxing district. That proof is lacking in this case."

That proof is also lacking in the case now before us. Witnesses for the appellees testified to the assessed value of twelve properties, claimed to be comparable to the Mercur Block, but in nine of them there was no evidence of market value and therefore no basis afforded for ascertaining the ratio of assessed to actual value. Of the remaining properties the evidence tended to establish that in one case the ratio was 14%, in another less than 10%, and in the third approximately 35%.

As stated in the *Phinney* case, supra, pages 105-106:

"Manifestly all that this testimony tended to establish was an utter lack of uniformity in the assessments . . . This testimony, if valid, certainly presented a field for tax equalization by the board of revision of taxes (on the authority of Article XXV, section 2516 of the Act of June 23, 1931, P. L. 932, 53 PS 12198-2516) but did not supply a basis for reduction of the assessments questioned by these appeals. . . . Assessments may be reduced in the interest of equality by virtue of the mandate of the constitution only upon proof of a *uniform* standard of valuation of general application throughout the taxing district. Mineral R. & M. Co. v. Commrs. (No. 1), 229 Pa. 436, 78 A. 991. In the absence of such proof in this case the standard of actual or market value obtains."

In the present case appellees in their appeal to the Court of Common Pleas stated "That your petitioners after investigation believe that assessments in the business district of Towanda Borough are predicated on fifty per cent (50%) of market value of property, . . ." Their proof failed to show a uniform standard of assessed valuation at 50% of market value, or anything approaching it or a prevailing custom of fixing assessed valuation on that basis or any other uniform basis. The testimony being insufficient to establish that a ratio of assessed value to actual value was applied generally throughout the district, actual value is conclusive. The presumption is that the assessor performed his duty and that in com-

pliance with the law he assessed the land at its actual value. There being no direct evidence that the assessor of this property, or any of the other assessors, either individually or collectively, assessed properties throughout the district on a percentage basis, the property owner must be held to have failed to rebut the presumption that the property was assessed at its actual value.

The order of the lower court fixing the amount of the assessment at 50% of the actual value is reversed and the assessment at $22,500 is reinstated.