## Rutherford v. City of Lancaster

*William B. Arnold,* for plaintiff.

*Windolph, Burkholder & Hartman,* for City of Lancaster

*Arnold, Bricker, Beyer & Barnes,* p. p.

LIPEZ, P. J., specially presiding, March 17, 1959.—
Plaintiff seeks a decree restraining the City of Lancaster from collecting, and defendants, Arnold et al., plaintiff's employers, from paying an earned income tax of one half of one percent on amounts earned by

plaintiff from January 1, 1959, to January 29, 1959. The pleadings and stipulated facts raise but a single issue: May a third class city ordinance enacted under the Tax Anything Act of June 25, 1947, P. L. 1145, as amended, 53 PS §6851 et seq., lawfully impose a tax on income earned within the first 30 days after its enactment?

*Findings of Fact*

1. Plaintiff is an attorney residing in Marietta, carrying on the practice of his profession within defendant City of Lancaster, and also as a paid employe of defendants, Arnold, Bricker, Beyer & Barnes.

2. Defendant, City of Lancaster, is a third class city, located in Lancaster County.

3. On November 26, 1958, a meeting of Council of the City of Lancaster was held for the purpose of receiving for the first reading the proposed budget ordinance for 1959. At that time there were presented for first reading various tax ordinances, including Ordinance No. 23-1958, imposing a tax of one half of one percent on income earned in the city by residents and nonresidents during a tax year beginning January 5, 1959, and ending December 31, 1959, for the purpose of producing revenue to balance the budget for the city's fiscal year 1959 beginning on the first Monday of January.

4. At the same meeting the council by resolution fixed Tuesday, December 30, 1958, at 10:30 a.m. as the time for the adoption of the proposed budget ordinance, and informally also fixed December 30, 1958, as the time for the second reading of all of the tax ordinances, and instructed the city clerk to advertise Ordinance No. 23, as well as other ordinances, in accordance with law.

5. In order to avoid confusion and to facilitate matters for taxpayers, council decided to amend Ordinance

23 to coincide with the calendar 1959 and accordingly Ordinance No. 23 was amended so that the tax year would begin January 1, 1959, instead of January 5. It was so amended on December 30, 1958, and as amended was immediately adopted.

6. The said ordinance, in brief:

"(a) Imposed a tax of ½% on salaries, wages, commissions and other compensation, and on the net profits from operation of businesses and professions, earned in the period between January 1 and December 31, 1959, by individual residents of the defendant City, regardless of where the earning took place, and by individual non-residents of said City on compensation or net profits earned within the City. (Ordinance Section 2.)

"(b) Required persons operating a business or profession to file with the City written quarterly estimates of the net income expected to be derived therefrom during the entire calendar year 1959, and to pay the defendant City (through its "Wage Tax Officer" or "Income Tax Officer," as termed in the ordinance) its above-mentioned tax on such estimated amounts, in quarterly installments; the first of said estimates and payments being required on or before April 15, 1959. (Ordinance Section 3.)

"(c) Required all employers within the defendant City to deduct the above-mentioned tax from earnings of all their employees with respect to the entire calendar year 1959, and to transmit to the defendant City quarterly reports and remittances thereof: the first of said reports and remittances being required on or before April 30, 1959. (Ordinance Section 4.)"

7. This ordinance will affect numerous persons in the same class as plaintiff who are earners of salaries, wages, commissions and other compensation, or are the earners of net profits from businesses, professions, etc.

## Discussion

The decision in this case depends on the interpretation of the first sentence of section 3 of the Tax Anything Act. It provides: "No tax levied by any political subdivision to which this act applies shall in any event go into effect until thirty days from the time of the adoption of the ordinance or resolution levying the tax." Is this a limitation or restriction on the city's right or power to tax under the act during the first 30 days? We think it is.

It is clear that the legislature may under the provisions of section 1 of article XV of the Constitution delegate to cities the authority by ordinance to levy, assess and collect taxes for general revenue purposes, "subject, however, to such restrictions, limitations, and regulations, as may be imposed by the Legislature": Blauner's, Inc. v. Philadelphia, 330 Pa. 340; H. E. Heinz Company v. Pittsburgh, 170 Pa. Superior Ct. 435. Since the authority to levy the tax in question is derived from the Tax Anything Act, it is necessarily subject to "such restrictions, limitations, and regulations," as may be imposed therein.

It seems to us that the legislature in reasonably clear language imposed a specific restriction on the city's power to tax under the act. Note that the act says, "*no tax* shall go into effect," etc. Thus, the legislature is saying that it is *the tax itself*, and not the effective date of the ordinance, that is ineffective until the lapse of the 30-day period. To say that the tax is in effect during this period would be tantamount to saying that where the legislature has said it shall *not be in effect*, it nevertheless *is in effect*. To so hold would indeed be a species of judicial arrogance.[1]

---

[1] This question has never been before our appellate courts. In the only reported case, Fun Bowl v. Northeastern School District, 17 D. & C. 2d 476, the court held an amusement tax resolution

The city contends that section 3 viewed as a whole is merely for the purpose of providing the procedure for testing an ordinance and is not intended to be a limitation or restriction on the city's power to tax, that during this 30-day period the legislature intended that the tax ordinance be held merely in abeyance with the same effect as though there were an appeal to the court of quarter sessions and a supersedeas granted.

It is true that the section heading states, "Appeals by Taxpayers." However, such heading under the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §554, "shall not be considered to control but may be used to aid in the construction thereof": Wiley v. Umbel, 355 Pa. 206. It is also true that the section sets forth detailed provisions for such appeals. However, nowhere does this section contain any language or provisions qualifying or negating the specific restraint contained in the first sentence, nor any language from which it might be reasonably inferred that the legislature intended merely to hold the effective date of an ordinance in abeyance.

The city further argues that construing this section as a restraint on the city's power would conflict with section 1809 of The Third Class City Law of June 23, 1931, P. L. 932, 53 PS §36809, which requires presentation of the budget to council at the last stated meeting in November and its adoption not later than December 31st; that compliance with this section would make it impossible, because of notice and advertisement requirements, to enact an ordinance under the Tax Anything Act for the entire fiscal year. We find nothing in The Third Class City Law which prevents the city

---

invalid on a number of grounds, among which was the fact that the resolution adopted June 9, 1958, purported to become operative on July 1, 1958, which, of course, was less than 30 days after enactment.

from taking the necessary steps to levy a tax under the Tax Anything Act even before the presentation and adoption of the budget.[2] In any event, the dates set forth in section 1809 present no obstacle. It has been judicially stated that as long as there has been no substantive interference with, or injury to, the taxpayer, and the statute is simply intended to establish a uniform system of procedure and to promote dispatch, the time for doing something in a statute is construed as directory only. See York & Foster, Inc., Tax Assessment Case, 163 Pa. Superior Ct. 602; Pleasant Hills Borough v. Carroll, 182 Pa. Superior Ct. 102. This rule is applicable to budget and tax statutes: Bickert v. Borough of West View, 90 Pitts. L. J. 377.

The city points to the appeal provisions relating to annexation in The Third Class City Code, 53 PS §35504 and §35517, and various decisions construing them. Suffice to say those provisions are not similar to the ones here involved, nor do they contain any restraint such as here, and consequently the decisions shed no light on our problem.

Defendants Arnold et al. suggest that if we find the ordinance invalid as to the 30-day period, since the provisions with respect to the month of January 1959, occur so frequently and so permeate the whole substance of the ordinance, this period cannot be separated from the ordinance without vitiating the whole, and thus requiring the invalidating of the whole ordinance.

There are situations where "the unity of the general legislative scheme would be completely destroyed by a severance of its provisions," thus invalidating the whole: Pennsylvania Railroad Company v. Schwartz,

---

[2] Section 2 of the Tax Anything Act provides: "The ordinance or resolution may be passed or adopted prior to the beginning of the fiscal year and prior to the preparation of the budget when desirable."

391 Pa. 619. This, however, is not such a case. Here the subject matter of the tax is by its very nature readily severable to even a daily basis. It is obvious, therefore, that excising the period from January 1st to January 29th, inclusive, would not destroy the scheme of the ordinance and hence the balance of the 1959 tax year would not be affected. Additionally, not only does the ordinance contain a "severability" clause, but it is also abundantly clear that the legislature contemplated a liberal severability approach in excising any invalid provision in an ordinance, by stating in the fifth paragraph of section 3: "The court may declare invalid all or any portion of the ordinance or of the tax imposed or may reduce the rates of tax"

### Conclusions of Law

1. None of the political subdivisions authorized to levy taxes under the Tax Anything Act of June 25, 1947, P. L. 1145, as amended, has the power to impose a tax on income earned within the first 30 days after its enactment.

2. The Lancaster City Ordinance No. 23-1958 is invalid insofar as it purports to tax salaries, wages, commissions and other compensation, and net profits from business, professions and other activities earned during the period between January 1st and January 29th, inclusive, 1959.

3. The said ordinance is invalid insofar as it purports to require the filing of estimates of the net income to be derived from operating a business or profession, and the payment of a tax thereon, for the period between January 1 and January 29, inclusive, 1959.

4. The said ordinance is invalid insofar as it purports to require all employers within the City of Lancaster to deduct said tax from earnings of all their employes with respect to the period January 1 to January

29, inclusive, 1959, and the requiring the transmission thereof to the City of Lancaster.

5. The said ordinance in all other respects is valid.

## Decree Nisi

And now, March 16, 1959, it is ordered, adjudged and decreed, as follows:

That an injunction issue enjoining and restraining, for the period from January 1 to January 29, inclusive, 1959:

(I) Defendant City of Lancaster, its servants, agents and employes, and the individual defendants, Thomas J. Monaghan, Mayor; Christian Gottselig, Joseph T. Fasnacht, John F. S. Reese and J. Arthur Norris, Councilmen, and John W. Hartman, Wage Tax Officer or Income Tax Officer of said city, from

(a) collecting from plaintiff and such other persons as are affected in the same manner as plaintiff any salaries, wages, commissions and other compensation and net profits from business, professions and other activities earned during said period;

(b) requiring plaintiff and such other persons as are affected in the same manner as plaintiff to file estimates of net income to be derived from operating a business or profession and the payment of a tax covering said period;

(c) requiring defendant's employer, Arnold, Bricker Beyer & Barnes and other employers within the City of Lancaster to deduct said tax from plaintiff's and others' earnings, and the transmission thereof to the said city covering said period.

II) Defendants Arnold, Bricker, Beyer & Barnes from deducting or paying over any such tax covering said period to said city, its officers and employes.

It is further ordered that unless exceptions are filed to this decree within 20 days from the notice of the filing of the same, the said decree shall become final.