## Commonwealth v. Cecchini

*John R. Hoye*, for Commonwealth.
*Bernard T. John*, for defendant.

FEIGUS, J., June 26, 1963.—This case is before the court en banc upon defendant's motion to quash an indictment entered against her in the court of oyer and terminer charging her with the offense of "Embezzlement by Tax Collector", by reason of her failure to pay over sales or use taxes collected by her in the sale of merchandise. The indictment specifically charges that defendant

". . . being charged with the collection, safekeeping or transfer of taxes of the Commonwealth of Pennsylvania, to wit, Pennsylvania Selective Sales and Use Tax and having been granted sales tax License No. 26-04839 did convert and appropriate the money so collected as taxes or a portion thereof to her own use and did prove a defaulter and fail to pay over the sum of $2,280.10, monies so collected as taxes or any part thereof at the time or place required by law and to the person legally authorized to demand and receive the same."

Defendant was indicted under the provisions of The Penal Code, Act of June 24, 1939, P. L. 872, sec. 823, 18 PS §4823, which reads as follows: . . . .

"Section 823. Embezzlement by Tax Collectors.— Whoever, being charged with the collection, safekeeping, or transfer of any taxes of the Commonwealth, or any political subdivision thereof, converts or appropriates the moneys so collected, or any part thereof, to his own use in any way whatever, or uses by way of investment in any kind of property or merchandise any portion of the money so collected by him as taxes, and proves a defaulter or fails to pay over the same or any part thereof at the time or place required by law, and to the person legally authorized to demand and receive the same, or aids or abets or is an accessory to such act, is guilty of embezzlement, a felony, . . ."

The predecessor statute governing embezzlement by tax collectors was the Act of June 3, 1885, P. L. 72,

sec. 1, 18 PS §2573, which in its title expresses the purpose "to punish defaulting tax collectors".

The Selective Sales and Use Tax Act of March 6, 1956, P. L. 1228, sec. 573, its amendments and supplements, 72 PS §3403-1 to §3403-605, is a comprehensive code which contains, inter alia, the following penal section:

"Section 573. Crimes.—(a) Fraudulent R e t u r n . Any person who with intent to defraud the Commonwealth shall wilfully make, or cause to be made, any return required by this act, which is false, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine not exceeding two thousand dollars ($2,000), or undergo imprisonment not exceeding three years, or both.

"(b) Other Crimes. Except as otherwise provided by subsection (a), this section, any person maintaining a place of business in this Commonwealth, who advertises or holds out or states to the public or to any purchaser or user, directly or indirectly, that the tax or any part thereof imposed by this act will be absorbed by such person, or that it will not be added to the purchase price of the tangible personal property or services described in subclauses (2), (3) or (4) of section 2 (j) of this act sold or, if added, that the tax or any part thereof will be refunded, other than when such person refunds the purchase price because of such property being returned to the vendor, and any person maintaining a place of business in this Commonwealth and selling or leasing tangible personal property or said services the sale or use of which the purchaser is subject to tax hereunder, who shall wilfully fail or refuse to collect the tax from the purchaser and remit the same to the department, and any person who shall wilfully fail, neglect or refuse to file any return or report required by this act or any taxpayer who shall refuse to pay any tax, penalty or interest imposed or provided

for by this act, or who shall wilfully fail to preserve his books, papers and records as directed by the department, or any person who shall refuse to permit the department or any of its authorized agents to examine his books, records or papers, or who shall knowingly make any incomplete, false or fraudulent return or report, or who shall do, or attempt to do, anything whatever to prevent the full disclosure of the amount or character of taxable sales, purchases or use made by himself or any other person, or shall provide any person with a false statement as to the payment of tax with respect to particular tangible personal property or said services, or shall make, utter or issue a false or fraudulent exemption certificate, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine not exceeding one thousand ($1,000) and costs of prosecution, or undergo imprisonment not exceeding one year, or both: Provided, however, That any person maintaining a place of business outside this Commonwealth may absorb the tax with respect to taxable sales made in the normal course of business to customers present at such place of business without being subject to the above penalty and fines. The penalties imposed by this section shall be in addition to any other penalties imposed by any provision of this act": March 6, 1956, P.L. (1955) 1228, art. V, sec. 573, as amended May 24, 1956, P.L. (1955) 1707 sec. 16; Apr. 15, 1959, P.L. 20, sec. 10.

The foregoing criminal section of the Selective Sales and Use Tax Act is more pervasive in scope than the above-quoted section of The Penal Code of 1939, and manifestly punishes as a misdemeanor any defalcation or conversion of sales or use taxes, and appears to be all embracing as it relates to the failure or refusal to remit the tax.

Under applicable rules of statutory construction, The Penal Code is to be strictly construed: 46 PS §558;

Commonwealth v. Exler, 243 Pa. 155; Smith v. Messner 372 Pa. 60; Commonwealth v. Glover, 397 Pa. 543. Specific penal provisions contained in a tax code ordinarily prevail over general provisions of The Penal Code: 46 PS §563; Commonwealth v. Brown, 346 Pa. 192, 199; Commonwealth v. Litman, 187 Pa. Superior Ct. 537. The title and preamble of an act may be considered in its construction: 46 PS §554; Hoffman v. Pittsburgh, 365 Pa. 386; Wiley v. Umbel, 355 Pa. 206; Commonwealth v. Evans, 156 Pa. Superior Ct. 321. Words and phrases shall be construed according to rules of grammar and are to be given their common and approved usage: 46 PS §533; Commonwealth ex rel. Reinhardt v. Randall, 356 Pa. 302; Ottavi v. Timothy Burke Stripping Company, 140 Pa. Superior Ct. 389; Peoples Bridge Company of Harrisburg v. Shroyer, Secretary of Highways, 355 Pa. 599; Commonwealth v. McHugh, 406 Pa. 566; Frazier v. Oil Chemical Co., Inc., 407 Pa. 78; Breslow v. Baldwin Township School District, 408 Pa. 121.

Historically, a "tax collector" has been regarded as a public functionary, one entrusted by the sovereign with the responsibility of gathering or collecting taxes levied in the name of the sovereign. A relatively modern statutory definition of the term appears in the context of the Local Tax Collection Law of May 25, 1945, P. L. 1050, sec. 2, 72 PS §5511.2, as follows:

"The words—'Tax Collector' shall include every person duly elected or appointed to collect all taxes, levied by any political subdivision included in the provisions of this act, including the treasurers of cities of the third class and of townships of the first class in their capacity as collectors of taxes."

See Speck v. Phillips, 160 Pa. Superior Ct. 365. See also State v. Miller, 136 Ohio 295, 25 N. E. 2d 686; 41 Words and Phrases 200 (perm. ed.). Under certain circumstances, tax collectors may become agents of

the Commonwealth: Marshall Impeachment Case, 360 Pa. 304; Hadley's Case, 336 Pa. 100.

It is our conclusion that the legislature indicated no intention in its promulgation of the Selective Sales and Use Tax Act to convert into "Tax Collectors" in the popular sense of that term a substantial segment of our citizenry engaged in mercantile pursuits upon whom has been imposed the statutory obligation of charging and collecting the sales tax at the source. Such an intention, in our view, would have been directly and unequivocally expressed. On the contrary, the civil and penal sections of the statute relative to collection of the tax are so complete and self-sustaining as to virtually preclude such an intent. It is also noteworthy that the act itself preserves their continuing status as "taxpayers". Section 2(m), 72 PS §3403-2 (m), includes, inter alia, the following definition:

"(m) 'Taxpayer'. Any person required to pay or collect the tax imposed by this act."

In the present era of withholding and collecting taxes at the source as a fiscal administrative aid, such persons are at the most withholding or collecting agents. They are not ipso jure public employes and are, therefore, not tax collectors within the purview of The Penal Code.

*Order*

And now, June 26, 1963, defendant's motion to quash the indictment is sustained and the indictment is quashed.