Appeal of Anthony Lonzetta from Decision of the Zoning Hearing Board of Hazle Township. Township of Hazle, Appellant.

504

Submitted on briefs, April 4, 1977, to Judges CRUM-LISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Thomas L. Kennedy,* for appellant.

*James V. Senape, Jr.,* for appellee.

OPINION BY JUDGE MENCER, June 13, 1977:

Anthony Lonzetta, who operates Lonzetta Plumbing and Heating Company, wants to install a 10,000-gallon underground oil storage tank on property he owns in Hazle Township, Luzerne County. The Township's resistance has engendered this zoning case.

Lonzetta's property is situate within an area zoned "Mining District" under the Township of Hazle Zoning Ordinance.[1] When Lonzetta advised the Township zoning officer of his intention to install the underground storage tank, he was informed that, because his proposed use was essentially a commercial use not related to mining, approval of the Zoning Hearing Board of Hazle Township (Board) was required. Lonzetta suggested that, because the ordinance permitted "Extraction and Underground Storage of Gas and Oil" without Board approval, his proposed use did not require approval of the Board. Upon insistence of the zoning officer, he nevertheless applied for Board permission.

A hearing was held before the Board on the application of Lonzetta for a special exception. When

---

[1] The ordinance provides in pertinent part:

4.07 "M-1"—Mining Districts

| | |
|---|---|
| Uses Permitted Without Board Approval | Deep Mining and Strip Mining of Coal |
| | Quarrying of Rock |
| | Excavation of Sand and Gravel |
| | Excavation of Peat Moss |
| | Procession of Materials Mined, Quarried, Excavated or Extracted |
| | Storage of Materials Mined, Quarried, Excavated or Extracted |
| | Railroad Yards |
| | Contractors Yards |
| | Utilities |
| | Extraction and Underground Storage of Gas and Oil |
| | Accessory Uses to the Above |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| | |
|---|---|
| Uses Requiring Board Approval | Public Uses |
| | Semi-Public Uses |
| | Sanitary Landfills |
| | Outdoor Advertisements |
| | Residential Uses |
| | Commercial Uses |
| | Industrial Uses |
| | Accessory Uses to the Above |

506

the application was denied, Lonzetta appealed to the Court of Common Pleas of Luzerne County. After taking additional testimony, the court concluded that the proposed use did not require Board approval, and it accordingly reversed the order of that body. The Township appealed to this Court.

In its decision, the lower court correctly noted that, where additional evidence is taken, the court is not to review the action of the Board but rather to decide the case on the merits. On appeal from the lower court's decision, the issue before us is whether the court manifestly abused its discretion or committed en error of law. *Appeal of Benech*, 28 Pa. Commonwealth Ct. 415, 368 A.2d 828 (1977). We hold that it did neither.

The instant dispute involves an ambiguity in the zoning ordinance: whether the underground storage of oil in the Mining District is permitted without approval because it falls within the "Extraction and Underground Storage of Gas and Oil" provision or whether the use requires approval because it is a commercial use not directly related to mining.

When an ordinance is doubtful or ambiguous in meaning, it must be construed according to recognized rules of construction, in order to determine and give effect to the legislative intention expressed in it. *See Marple Township v. Lynam*, 151 Pa. Superior Ct. 288, 30 A.2d 208 (1943); Statutory Construction Act of 1972, 1 Pa. C.S. §1921(a). *See generally* 6 E. McQuillan, Law of Municipal Corporations §20.44 (3rd ed. 1969 & Supp. 1976). We therefore note that headings prefixed to a section of an ordinance do not control but may aid construction, *see* 1 Pa. C.S. §1924; *cf. Wiley v. Umbel*, 355 Pa. 206, 49 A.2d 371 (1946) (application to statute relating to municipalities), and that, where a conflict between a special provision and a general provision is irreconcilable, the special provision shall

prevail and shall be construed as an exception to the general provision, *see* 1 Pa. C.S. §1933; *cf. Wiley, supra.*

In applying these rules to the instant facts, we conclude that it was neither a manifest abuse of discretion nor an error of law to decide that approval of Lonzetta's proposed use was not required. The heading of the applicable section of the ordinance, "Mining District," does not control the types of uses allowed without Board permission. Moreover, the special provision permitting underground storage of oil must be deemed to prevail even if such storage is generally commercial. Finally, we note that other uses which are commercial in general and which are not on their faces directly related to mining are specifically permitted in the district without Board approval.[2] Thus, no error or abuse of discretion was committed in determining that the legislative body intended to permit underground oil storage without approval even if such storage was commercial and not directly related to mining.

Order affirmed.

Judge CRUMLISH, JR. concurs in decision.

ORDER

AND Now, this 13th day of June, 1977, the order of the Court of Common Pleas of Luzerne County in the above captioned matter, dated July 23, 1975, is hereby affirmed.

---

[2] *See* note 1 *supra*, particularly "Contractors Yards" and "Utilities."