In Re: Appeal of Jack Haberman from Decision of Board of Assessment Appeals Regarding his Occupation Tax. Jack Haberman, Appellant.

Argued April 5, 1978, before President Judge Bow-
MAN and Judges CRUMLISH, JR., WILKINSON, JR., MEN-
CER, ROGERS, BLATT and DISALLE.

*Lawrence Sager,* with him *Sager & Sager,* for appellant.

*Philip Salkin,* with him *Pearlstine, Salkin, Hardiman & Robinson,* and *Michael D. Marino,* for appellee.

OPINION BY JUDGE DISALLE, August 1, 1978:

This case involves an appeal from an order of the Court of Common Pleas of Montgomery County dated February 22, 1977. The order dismissed the appeal of Jack Haberman (Appellant) from an adjudication by the Board of Assessment Appeals of Montgomery County (Board), rejecting his challenge to an occupation tax assessment.

The Perkiomen Valley School District adopted a resolution providing for an occupation tax to be imposed, assessed, and levied upon residents within its jurisdiction pursuant to The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §6901 et seq. The Appellant, a physician, was assessed $800 in accordance with this resolution.[1] After the Board dismissed his challenge, the Appellant filed an appeal to the lower court pursuant to Section 518.1 of The General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended,* added by Section 2 of the Act of December 28, 1955, P.L. 917, *as amended,* 72 P.S. §5020-518.1.

In the lower court, which heard the matter de novo, the Appellant raised three contentions: (1) the valuations placed upon various occupations bear no reasonable relationship to the actual value of those occupations; (2) the assessments lack uniformity; and (3) the exemption of certain occupations from valuation and assessment is arbitrary and violates the unifor-

---

[1] The School District's applicable millage rate is 200; therefore, the tax levied against the Appellant amounted to $160.

mity and equal protection clauses of the Pennsylvania Constitution. After hearing, the court dismissed the appeal. In this Court, Appellant raises the same three issues he did in the court below.

Initially, we note that there exists a presumption that the local assessors performed their statutory duties and assessed the objects of taxation at their actual value. *See Bradford County Appeal,* 163 Pa. Superior Ct. 302, 60 A.2d 371 (1948). Furthermore, once the tax assessment records are admitted into evidence, there is a presumption of their validity. *McKnight Shopping Center, Inc. v. Board of Property Assessment,* 417 Pa. 234, 209 A.2d 389 (1965). The burden was upon the Appellant, therefore, to show that the valuations were unjust, inequitable, or not uniform in comparison with assessments of objects within the same classification. *John Wanamaker, Philadelphia, Appeal,* 360 Pa. 638, 63 A.2d 349 (1949).

With respect to the first issue, Appellant asserts that the assessors did not perform their duty under Section 402 of The General County Assessment Law, 72 P.S. §5020-402. This Section requires that assessors rate and value all objects of taxation "whether for county, city, township, town, school, institution district, poor or borough purposes, according to the actual value thereof, . . ." Appellant contends that the actual value of the occupations is not reflected in the assessed value. He argues that the assessments are therefore invalid.

In support of this contention Appellant refers to the testimony of the member of the Board of Assessments in the lower court. The record reveals that the Board member demonstrated a complete lack of personal knowledge concerning the proper basis to be used in determining the actual values of the various occupations listed. The Supreme Court of Pennsylvania

stated in *Crosson v. Downingtown Area School District,* 440 Pa. 468, 477, 270 A.2d 377, 381 (1970), that " 'economic return is not the sole measure of the value of an occupation. . . . It is apparent that other factors than income affect the value which may be attributed to an occupation. These may include social status, historical attributes, type, kind and quantity of work required, degree of education and training demanded, and many other such real or fancied social and economic distinctions.' "

Though the record shows that the Board member was unaware of these factors, and that the Board arrived at the present values by adopting the values shown in the previous assessment records, we believe the assessments are valid. The previous records were established in 1962. The Board member who testified was not appointed to the Board until 1972. His lack of personal knowledge as to the factors which were considered in determining occupation values is therefore understandable. Since the Appellant did not offer any evidence to show that the 1962 assessed values did not reflect the actual values of the occupations listed, we must presume that the values were determined in accordance with law.

Appellant next contends that the assessments lack uniformity. It has been stated that for taxation to be uniform, the actual value of the property involved must first be determined. Subsequent to this determination, the ratio of assessed value to actual value of all property in the taxing district must be determined so that the subject properties may be assessed at the same ratio. *Deitch Co. v. Board of Property Assessment,* 417 Pa. 213, 209 A.2d 397 (1965).

The initial aspect of Appellant's uniformity argument goes to the valuation of the various classifications of occupations. Relying again upon the testi-

mony of the Board member, Appellant argues that the valuation of the various occupations was accomplished without first making the necessary determinations of actual value. Since, as noted, Appellant offered no testimony as to how the 1962 valuations were established, his argument in this regard must fall. Appellant also argues that even assuming the 1962 assessments were validly made, they are not uniform as they now stand. The Appellant presented uncontradicted evidence that, in the period since the assessments were first determined, the earnings within some occupations have increased dramatically while staying relatively the same in others. The Appellant contends that to allow the assessments to stand without reflecting these changes violates uniformity. We do not agree. As demonstrated in *Crosson,* economic return is only one of numerous factors to be considered in the valuation of occupations. An occupation tax is clearly not an income tax. Evidence of a shift in occupational earnings, without more, is not sufficient to show a violation of uniformity.

The second ground upon which the Appellant contends the assessments lack uniformity is equally without merit. The Appellant presented uncontradicted evidence to suggest that within every occupational classification there are numerous job types and descriptions. For example, the Appellant showed that among physicians there exists a wide range of specialties, the specialists having significantly different educational backgrounds and widely disparate earnings. He contends that the failure to reflect these differences in the assessments violates the uniformity clause of the Pennsylvania Constitution.

Concerning income differences within a classification, it was stated long ago by the Pennsylvania Supreme Court in *Banger's Appeal,* 109 Pa. 79, 95 (1885) that:

[I]t will not do to tax one member of a class $100 and another member of the same class $1,000, upon the supposition, or even upon the fact, that, the one earns more than the other. An 'occupation' tax is peculiar in its character. It is not a tax upon property, but upon the pursuit which a man follows in order to acquire property and support his family. It is a tax upon income in the sense only that every other tax is a tax upon income; that is to say, it reduces a man's clear income by the precise amount of the tax.

Appellant would have this Court hold that the Pennsylvania Constitution requires absolute precision with respect to uniformity. This, however, is not the case, as noted by the Pennsylvania Supreme Court in *Goldstein v. Pittsburgh School District*, 372 Pa. 188, 194-95, 93 A.2d 243, 245-46 (1952). The Court there stated:

It must be remembered that taxation is a practical and not a scientific problem and because of practical conditions or difficulties, or because of the nature of the business or property, perfect uniformity and absolute equality in taxation can at times not be obtained. Allentown School District Mercantile Tax Case, 370 Pa. 161, 87 A.2d 480; Hammermill Paper Company v. City of Erie, 372 Pa. 85, 92 A.2d 422; Sablosky v. Messner, 372 Pa. 47, 92 A.2d 411.

Appellant's argument goes to the classification of occupations. Classifications are not constitutionally prohibited unless unreasonable. Considering the numerous factors to be considered and weighed in imposing an occupation tax, it cannot be said that the classifications at issue are unreasonable.

Finally, the Appellant contends that the exemption of certain classes of taxpayers from the tax at issue is arbitrary and unreasonable. He argues that such action violates his right to equal protection. Specifically, he refers to the fact that full-time students and individuals over the age of 65 are assessed a value of "none" in the assessment records and therefore do not incur any tax liability. In *Crosson,* the Supreme Court held that exemptions of minors from an occupation tax does not violate the uniformity requirements of the Pennsylvania Constitution. We cannot decide otherwise. Moreover, the Appellant's contention that all individuals over the age of 65 are exempt from the tax is not supported by the record. The only evidence in the record on this issue reveals that those individuals living within the taxing district who are 65 and retired are considered dependent and receive an assessment value of "none." This tax classification is different from one which would include all individuals over 65 years of age. The issue properly before us therefore is whether classification of all retired individuals 65 and over within an occupational category having no assessed value is arbitrary and unreasonable. *See Campbell v. Coatesville Area School District,* 440 Pa. 496, 270 A.2d 385 (1970).

We are of the view that providing a separate classification for retired individuals over the age of 65 is not arbitrary and unreasonable. The record indicates that although the assessment list recognized a difference between dependent retired individuals and independent retired individuals, the Board member who testified indicated that the Board had extreme difficulty determining who was or was not dependent. As a result, the Board determined that all retired individuals would be classified similarly. It was stated in *Crosson, supra,* at 480, 270 A.2d at 383:

'Classification for the purpose of taxation may be based on the existence of differences recognized in the business world, on the want of adaptability of the subjects to the same method of taxation, upon the impracticability of applying to them the same methods so as to produce justice and reasonably uniform results, or upon well grounded considerations of public policy. Heisler v. Thomas Collier Co., supra, 274 Pa. 448, 118 A. 394 (1922). Jones & Laughlin Tax Assessment Case, 405 Pa. 421, 433-434, 175 A.2d 856 (1961).'

Applying such a test, we are of the view that the tax classifications at issue are neither unreasonable nor arbitrary. We affirm the decision of the lower court.

ORDER

AND Now, this 1st day of August, 1978, the Order of the Court of Common Pleas of Montgomery County dated February 22, 1977, at Law Division No. 76-15283, is hereby affirmed.