Ross S. Alessandro, Administrator of the Estate of Josephine Alessandro, Deceased, Appellant v. Borough of Braddock and American Bankers Life Assurance Company, a Corporation, and Borough of Braddock Insured Police Pension Annuity Fund, Appellees.

Argued May 1, 1978, before Judges Mencer, Rogers and DiSalle, sitting as a panel of three.

John M. O'Connell, Jr., with him O'Connell, Silvis & Godlewski, for appellant.

Thomas J. Kratzenber, with him Frances A. Murracca, for appellee, Borough of Braddock.

Opinion by Judge Mencer, September 13, 1978:
This action in assumpsit arises out of a claim by Josephine Alessandro (plaintiff), now deceased, to the proceeds of a $10,000 life insurance policy issued

to the Borough of Braddock Insured Police Pension Annuity Fund (Fund) by the American Bankers Life Assurance Company.[1] The policy insured the life of plaintiff's brother, Stephen A. Andolina, a member of the Borough of Braddock (Borough) police force.

The Fund was established in 1957 by Borough Ordinance No. 642 (Ordinance 642), pursuant to Section 1 of the Act of May 29, 1956, P.L. (1955) 1804, as amended (Act), 53 P.S. §767, in order to provide pension benefits to Borough police.

The Fund acquired the life insurance policy on February 10, 1958, covering the life of Andolina. Plaintiff was his designated beneficiary. The Fund maintained ownership of the policy, paid the premiums, and reserved the right to change the beneficiary. In January of 1962, in an effort to maintain the Fund's actuarial stability, the Fund was designated as beneficiary of all policies held by the Fund insuring the lives of Borough police. An endorsement naming the Fund as beneficiary was attached to the Andolina policy on January 3, 1962.

On October 12, 1966, Andolina died, prior to retirement and the receipt of pension benefits. The proceeds of the policy were paid to the Fund pursuant to its terms. Plaintiff then instituted this action in the Court of Common Pleas of Allegheny County to obtain the proceeds of the policy.

The Honorable ROLF LARSEN, presiding as trial judge, determined that (1) the proceeds were properly paid to the Fund, (2) the Fund was not unjustly enriched, (3) the plaintiff was entitled to $2,000 as a death benefit pursuant to Ordinance 642 as amended Borough Ordinance No. 734-A (Ordinance 734-A) enacted October 9, 1963, and (4) the plaintiff was en-

---

[1] By order of January 15, 1971, judgment on the pleadings was granted in favor of American Bankers Life Assurance Company.

titled to $1,160 in interest. The court en banc affirmed the award. Plaintiff appeals that decision. We affirm.

Plaintiff contends that she is entitled to the full $10,000 proceeds of the life insurance policy under Ordinance 734-A and, in the alternative, that the Fund has been unjustly enriched at her expense and should therefore be required to make restitution.

Ordinance 734-A provides, in pertinent part:

Each member of the police force, after the receipt of the first pension payment to which he is entitled following his retirement shall also become entitled to a two-thousand ($2,000.00) Dollar paid up policy of life insurance made payable to his heirs or the estate of such retired police officer as a death benefit.

If any member of the police force shall die before retirement, his designated beneficiary, or in the absence thereof, his estate, shall have option of collecting in lump sum the proceeds of the life insurance policy mentioned in the preceding paragraph or his beneficiary may elect to receive the proceeds of the life insurance policy mentioned in the preceding paragraph at the rate of $150.00 per month for a period of 71 months but in no event less than the amount of the monies paid by him into the fund and the existing Borough Police Pension Fund referred to in section 11 of this ordinance.

As Justice LARSEN noted in his opinion as trial judge, the ordinance appears to establish alternative methods of receipt of a death benefit or "options" where, as here, a police officer dies prior to retirement:

(1) [H]is beneficiary or estate may collect the lump sum proceeds of a $2,000 paid-up policy of life insurance, or

(2) his beneficiary may elect to receive the proceeds of a $2,000 paid-up life insurance policy at the rate of $150 per month for 71 months; namely, $10,650 in total.

The subject paragraph also provides a guarantee that an officer's beneficiary or estate will, at least, receive the amount of money paid into the Fund by the officer.

The second "option" is ambiguous at best since the proceeds of a $2,000 policy cannot be paid at the rate of $150 per month for 71 months.

Plaintiff asserts that she is entitled to $150 per month for 71 months by virtue of the second "option" and that "the proceeds of the life insurance policy" must refer to the $10,000 policy taken out on the life of her brother in order to fund the "option."

When an ordinance is doubtful or ambiguous in meaning, it must be construed according to recognized rules of construction, in order to give effect to the legislative intent. *See Appeal of Lonzetta*, 30 Pa. Commonwealth Ct. 503, 374 A.2d 743 (1977). The legislative intent may be derived from a consideration of such things as the object to be attained and the circumstances under which the ordinance was enacted, the former ordinance, and the consequences of a particular interpretation. *See Cloverleaf Trailer Sales Co. v. Pleasant Hills Borough*, 366 Pa. 116, 76 A.2d 872 (1950). Applying these principles, we will review the relevant history of Ordinance 642 in an attempt to ascertain the purposes of the amendments effected by Ordinance 734-A.[2]

Under the pension plan established by Ordinance 642, a police officer's designated beneficiary or estate

---

[2] No evidence was adduced to demonstrate the Borough's intent, *i.e.*, no evidence of prior enforcement, and no evidence of subsequent changes.

was granted a death benefit when the police officer died *prior* to retirement. The initial benefit was "$150 per month for 71 months" and was increased from 71 months to 144 months in 1962. No death benefits were granted if death occurred after retirement. With Ordinance 734-A, the Borough provided, for the first time, a death benefit equal to $2,000 to be granted when death occurs *after* retirement while retaining the benefit in dispute, that granted when death occurs prior to retirement.[3] Also, unlike prior ordinances in which the death benefit was described wholly in terms of a schedule of payments, *i.e.*, $150 per month for 71 months, Ordinance 734-A provided a specific description of the source and amount of the respective death benefits; *i.e.*, the benefit after retirement is a "two-thousand . . . [d]ollar paid-up policy of life insurance," and the benefit before retirement is "the proceeds of the life insurance policy mentioned in the preceding paragraph."

Plaintiff argues that "the proceeds of the life insurance policy" which are to fund the benefit in question must refer to a policy in an amount sufficient to pay a benefit of $150 per month for 71 months. However, "the proceeds of the life insurance policy" is specifically qualified by "mentioned in the preceding paragraph" and thereby can only refer to the life insurance policy in the amount of $2,000, the only life insurance policy mentioned in the entire pension plan.

When Ordinance 734-A is read as a whole, the "option" of $150 per month for 71 months is inconsistent with the comprehensive provision of interrelated references to death benefits funded by life insurance policies in the amount of $2,000. It appears the Borough

---

[3] The Borough need not provide any death benefits. *See* Section 9 of the Act, 53 P.S. §775.

intended to provide equivalent death benefits to a beneficiary when death occurs before or after retirement rather than, as before, a large benefit if death occurs before retirement and no benefit if after retirement. Further, the provision of a $2,000 benefit rather than a $10,000 benefit comports with the Borough's efforts to maintain actuarial stability.

The proper interpretation is far from obvious, but the above considerations lead us to conclude that plaintiff is not entitled to the $10,000 proceeds of the life insurance policy under Ordinance 734-A.

Nevertheless, plaintiff asserts that she is entitled to the proceeds under a theory of unjust enrichment.

The Restatement of Restitution §1 (1937) provides: "A person who has been unjustly enriched at the expense of another is required to make restitution to the other." The recipient of a benefit is required to make restitution if the circumstances of its receipt or retention are such that, as between the two persons, it would be unjust for the recipient to retain the benefit. Restatement of Restitution §1, Comment c (1937); *Home Owners' Loan Corp. v. Murdock*, 150 Pa. Superior Ct. 284, 28 A.2d 498 (1942).

The Fund clearly was enriched to the extent the proceeds exceed the cost of maintaining the policy and the value of the death benefit. However, the Fund was not enriched at plaintiff's expense. "A person obtains restitution when he is restored to the position he formerly occupied either by the return of something which he formerly had or by the receipt of its equivalent in money." Restatement of Restitution §1, Comment a (1937). Plaintiff's loss was only the *possibility* of being the beneficiary of an insurance policy, a matter over which she had no control and to which more than a speculative value could not be assigned.

As between plaintiff and the Fund, the Fund has the better claim to the proceeds by virtue of the terms of the insurance contract for which it paid the premiums and by virtue of the decision that Ordinance 734-A only provides a death benefit in the amount of $2,000. Plaintiff has no other legal claim to the proceeds.

Plaintiff claims that the retention of the benefits would be unjust since the fund was established to benefit police and their families upon retirement and death. However, retention of the proceeds will in fact benefit the police and their families by providing for the actuarial soundness of the Fund.

In view of the above, we must affirm the decision of the lower court.

Order affirmed.

ORDER

AND Now, this 13th day of September, 1978, the order of the Court of Common Pleas of Allegheny County, dated July 14, 1976, ordering the Borough of Braddock and the Borough of Braddock Insured Police Pension Annuity Fund to pay Ross S. Alessandro, Jr., administrator d.b.n., c.t.a. of the estate of Josephine Alessandro, the amount of $3,160 out of said Fund, is affirmed.