## In re: Appeal of Robert F. Ruehl

*Albert Blackman, Jr.,* for appellant.
*Martin J. King,* for board of assessment appeals.
*Thomas F. J. MacAniff,* for school district.

BORTNER, *J.,* September 24, 1982—This matter comes before the court on appeal from the determination of the Bucks County Board of Assessment Appeals that appellant, a self-employed attorney, had been properly classified for purposes of the occupational tax as a lawyer and not as a self-employed individual.

The Central Bucks School District adopted a resolution providing for an occupational tax to be imposed, assessed and levied upon residents within the juris-

diction pursuant to The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, as amended, 53 P.S. §6901 et seq. Consistent with guidelines established by the board of assessment appeals and published under the title "Occupational Classifications with Values," July 1980, Revised, appellant was categorized in occupational code classification #105, "Lawyer," with an assessed value of $800. Appellant paid the tax due for the year 1981 under protest and requested a hearing before the board. The assessment was upheld by the board and appellant then sought relief in this action under Bucks County R.C.P. 28 and Section 704 of the Fourth to Eighth Class County Assessment Law, the Act of May 21, 1943, P.L. 571, as amended, 72 P.S. §5453.704.

The issue was presented before this court on a case-stated basis, the parties agreeing to all relevant facts. A memorandum of law was submitted by appellant and we are asked to resolve one question only: Does the characterization of appellant as a "Lawyer" amount to a discrimination between members of the class "Self-employed" in violation of the Uniformity Clause of the Pennsylvania Constitution? We hold that it does not.

Article 8, Section 1, of the Pennsylvania Constitution states that "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."

Though perhaps obvious on its face, the application of this clause to occupation taxes specifically was recognized in Crosson v. Downington Area School District, 440 Pa. 468, 270 A. 2d 377 (1970).

Initially, we note that the issue presented by this appeal can be distinguished from those raised in cases cited by appellant. In Miller v. York Imperial

School District, 23 D. & C. 2d 406 (1960), the challenged tax scheme was found violative of the Uniformity Clause only insofar as it allowed the variation of assessments within an occupational class in accordance with the taxpayer's estimated income. Relying on Banger's Appeal, 109 Pa. 79 (1885), the court held that the basis of an assessment upon either estimated or actual earned income rendered the tax void as a graduated income tax.

In Lynch v. Owen J. Roberts School District, 430 Pa. 461, 244 A. 2d 1 (1968), the Supreme Court never reached the constitutional questions raised by the appellees; instead, the court invalidated the tax on the ground that the valuation of occupations could not properly be made by the school district tax director. The concurring opinion of Justice Jones, argued as persuasive by appellant before this court, expressed a view that the application of assessment rates which varied with respect to age, sex, experience and days per week spent at work, within an occupational class, would offend the Uniformity Clause.

A similar position was approved by the Commonwealth Court in Appeal of Haberman, 37 Pa. Commonwealth Ct. 97, 388 A. 2d 1159 (1978). There the appellant sought to have an occupational assessment schedule declared invalid because it failed to account for variations of experience, responsibilities and income within the classifications. Again quoting from Banger's Appeal, supra, 109 Pa. 79 (1885), the court proscribed income differences within a classification, although it upheld the scheme as a whole on the reasoning that "absolute precision with respect to uniformity" was not required by the Constitution.

Certainly, we could not quarrel with the principle upheld in these cases, that "the constitutional man-

date of uniformity requires substantial equality of tax burden, and the imposition of taxes which are to a substantial degree unequal in their operation or effect upon similar kinds of business or property, or upon persons in the same classification is prohibited." Miller v. York Imperial School District, supra, 23 D. & C. 2d 406, 414 (1960). We are less persuaded, however, that the application of such principle would serve to resolve this appeal.

Appellant's entire case rests upon one basic proposition: that he is a member of the class which is denoted by occupational code number 007, "Self-employed." Yet he offers neither evidence nor argument in support of this bare averment, relying, apparently, on the "self-evident" nature of the classification. Counsel for the school district, in response, states that the "self-employed" category is a "catch-all," intended to assign an assessment value to those individuals not elsewhere classified. We are compelled to agree, for the following reasons.

First, rules of statutory construction are applicable to municipal ordinances as well: Greenwood Township v. KEFO, Inc., 52 Pa. Commonwealth Ct. 367, 416 A. 2d 583 (1980). By these rules, where a conflict between a specific provision and a general provision is irreconcilable the specific provision shall prevail and shall be construed as an exception to the general provision. See 1 Pa.C.S. §1933; Lonzetta v. Township of Hazel, 30 Pa. Commonwealth Ct. 503, 374 A. 2d 743 (1977). Applying this principle, if only by analogy, to the guidelines established by the board of assessment appeals, it is clear that the classification "Lawyer" is more specific and, therefore, takes precedence over the more general classification "Self-employed."

Secondly, a presumption attaches to the assess-

ments made by municipal taxing authorities, that they have acted fairly and legally: City of Philadelphia v. Litvin, 211 Pa. Superior Ct. 204, 235 A. 2d 157 (1967). Specifically with reference to tax assessment records, once they are admitted into evidence there is a presumption of their validity: McKnight Shopping Center, Inc. v. Board of Property Assessment, 417 Pa. 234, 209 A. 2d 389 (1965). These presumptions encompass the municipality's interpretive function as well:

"Where, however, an ordinance is not clear and free from ambiguity as to its terms, the construction which the court should put upon it must be largely influenced by the contemporary construction of those who have had charge of the enforcement of the ordinance over a number of years." Edmundson v. Johns, 89 Pitt. L.J. 215, 221 (1941).

In the instant case, the scope and meaning of the classification "Self-employed" has been established and uniformly applied by the Bucks County Board of Assessment Appeals.

In view of the foregoing, we are of the opinion that appellant was properly assessed under the occupational classification "Lawyer," that the board of assessment appeals could properly describe the class "Self-employed" as a "catch-all" category, and that no offense was committed against the Uniformity Clause by this practice. We therefore enter the following

## ORDER

And now, September 24, 1982, the appeal from the occupational tax assessment is denied.