## In Re: The Zoning Ordinance of the Borough of Waynesburg

*Dennis K. Tanner*, for plaintiff.
*Kenneth O. Tompkins*, for defendant.

TOOTHMAN, *J.*, April 20, 1983—On June 17, 1982, Dr. Michael L. Webb, Jr. residing at 604 E. Greene Street, Waynesburg, Greene County, Pa., filed an application with the Waynesburg Zoning Inspector, David Gregg, requesting permission to

install a full-time profesional chiropractic office in his home at that address, which is located in a residential (Zoned R-1) district. His application was filed as an "accessory use," under the Borough Ordinance, which is a permitted use and does not require a zoning hearing board approval, nor a public hearing, but only the approval of the zoning inspector. The inspector's approval was given on June 21, 1982, as an "accessory use," and was done at a scheduled meeting of the three-member zoning board, who gave their approval, and then opened the meeting for public discussion. Objection to the action was made, contending that the application should have been considered under the provisions of a "home occupation" amendment to the zoning ordinance adopted by Borough Council on June 14, 1982, one week prior to the zoning officer's approval of the application. The amendment prohibited the use of a home for a professional activity, unless prior approval is given by the zoning board, after a full public hearing. The zoning board rejected the objections and upheld the action of the inspector.

Section 400 of Waynesburg Zoning Ordinance, as enacted in August of 1969, on the subject of uses for each zoned district, divides the types of uses into permitted uses and conditional uses. While not defining a permitted use, it is recognized as one which requires only the inspector's approval, and as stated in the ordinance such uses are: Single Family Dwellings, Parks, Schools, Public Uses, Essential Services and Accessory. An accessory use is define as existing when there is "A use stricted to residence use, the office of a professional man, customary family occupations, and workshops not conducted for compensation shall be deemed accessory uses."

Contrasted with permitted uses, as set forth in the ordinance, a conditional use is one "which is subject to conditional approval by the Zoning Hearing Board," and may be granted by the board "only when there is a specific provision for such special exceptions made in this ordinance." It further explains "A conditional use is not considered to be a non-conforming use."

With these sections of the ordinance in place, and with the apparent desire to clarify a certain degree of the confusion contained in the original ordinance the Borough Council amended its definition of Home Occupation, on June 14, 1982, using this language: "A commercial, professional or other appropriate occupation or activity which is performed in any building or premises of an R-1 or R-2 district by a member of the immediate family residing on the premises. Home occupations in these districts are unlawful unless prior approval is granted by the zoning hearing board upon application made and after a full public hearing has been held. . . . " The amendment concludes by listing the five factors or criteria which the board must use in granting a home occupation variance.

In the proceeding before us, before the amendment, and before their application to the zoning inspector for a permitted accessory use, petitioners had applied to the Borough Planning Commission to have their property rezoned for commercial use, and it was this request which caused the Planning Commission to recommend to council the home occupation definition as adopted in the amendment. Following this, they then applied for an accessory use variance, instead of a home occupation use, and in this appeal argue the correctness, of that approach by reason of the ambiguity found in the zoning ordinance as between accessory use and

home occupation, and ask that the court correct that ambiguity.

We agree that there is a need for clarification and application of the zoning ordinance, particularly in the light of the home occupation amendment but we are not pursuaded of its ambiguity. To this end, it must be noted that the Statutory Construction Act, 1 Pa.C.S.A.§1921(a) and (b), provides that whenever possible, a statute must be construed to give effect to all of its provisions and when the words are clear and free from all ambiguity, the letter of this meaning is not to be disregarded under the pretext of pursuing its spirit. In the case of Clearview Bowling Center, Inc. v. Hanover Borough, 430 Pa. 579, 244 A. 2d 20 (1968), and Appeal of Anthony Lonzetta, 30 Pa. Commw. 503, 374 A. 2d 743 (1977), it was held that in ascertaining the intent of the legislative body, the court is aided by the statutory rules of construct, which are, it has been held, applicable to municipal ordinances. And in Diehl v. City of McKeesport, 60 Pa. Commw. 561, 432 A. 2d 288 (1981), the court lists eight factors which may be used by the court under the statutory rules of construction to construe a municipal ordinance, commencing with "the occasion and necessity for the statute." Thus when we review the amended ordinance in the light of these factors and the Statutory Construction Act, we are persuaded that the Borough Council intended to make meaning of a home occupation clear and unambiguous, one that clearly, to our mind, fits the applicants in this instance. A home occupation, such as Dr. Webb's chiropractic office, is one where there is to be conducted a full-time professional or commercial use of the property which also, companion to the same, is a residence property. The accessory use, is one where there is a part-time or

occasional use of the property for business purposes, which include "customary family occupations, and workshops not conducted for compensation." From our reading of the recent zoning ordinance amendment and its background we are satisfied that petitioners application must be to the zoning board, and not to the zoning inspector and that subject to a full hearing thereon by that board, and it to be governed in its result by the application of the several factors set forth in the ordinance for its consideration.

## ORDER

And now, April 20, 1983, the appeal is sustained, and the zoning inspector's variance permit voided.