DeFeo and P.A.D. Corporation *v.* Brookhaven Borough.

Argued October 4, 1971, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Manderino and Mencer. Judge Rogers disqualified himself.

*Holbrook M. Bunting, Jr.,* with him *Trevaskis, Doyle, Curie, Nolan and Bunting,* for appellants.

*Murray S. Eckell,* with him *Eckell, Sparks, Vadino, Auerbach & Monte,* for appellee.

OPINION BY JUDGE WILKINSON, November 9, 1971:

Appellants are the owners of a 13¼ acre tract of land, one-quarter acre of which is located in the Borough of Brookhaven, the remainder in the Borough of Parkside, all in Delaware County. Appellants are interested in constructing apartment buildings upon this tract and using that portion of the tract in Brookhaven for the purpose of constructing an access way thereby allowing another means of access to the apartment buildings via Meadowbrook Lane in Brookhaven.

Having secured approval of the Delaware County Planning Commission and Parkside Borough,[1] appellants made application to the Borough Council of Brookhaven to gain approval of that portion of the plan located in Brookhaven. The Borough Council, by resolution, denied the application. Apparently the Borough Council did not have a hearing, for the record does not reveal any testimony received upon the application. Article V of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. , No. 247, Art. V, Sections 501-516, 53 P.S. §§10501-10516, does not require such a hearing.

Following Borough Council's denial of the application, appellants appealed to the Court of Common Pleas. That court took no additional oral testimony but accepted as evidence a stipulation of facts entered into by the parties. The acceptance of this evidence by the lower court required that it decide the case on the merits. *See Lester Hauck, et ux., et al. v. Wilkes-Barre*

---

[1] This approval was conditioned on Brookhaven approval.

*City Zoning Board of Adjustment,* 2 Pa. Commonwealth Court 76, 276 A. 2d 576 (1971). This being the posture of the case before the lower court, it was required to follow the mandates of Section 1009 of the Pennsylvania Municipalities Planning Code, *supra,* 53 P. S. §11009, with respect to findings of fact and conclusions of law. Section 512 of the Pennsylvania Municipalities Planning Code, *supra,* 53 P.S. §10512. This was not done. Therefore, we must remand the case. See *BJM Urban Development Corporation v. Fayette County Zoning Hearing Board,* 1 Pa. Commonwealth Ct. 534, 275 A. 2d 714 (1971).

Because this case must be remanded, it is appropriate to correct an erroneous impression of the law that appears in the opinion of the court below.

Appellants' application was proper under Section 507 of the Pennsylvania Municipalities Planning Code, *supra,* 53 P.S. §10507, which states: "Where a subdivision and land development ordinance has been enacted by a municipality under the authority of this article no subdivision of land development of any lot, tract or parcel of land shall be made, no street, sanitary sewer, storm sewer, water main or other improvements in connection therewith shall be laid out, constructed, opened or dedicated for public use or travel, or for the common use of occupants of buildings abutting thereon, except in accordance with the provisions of such ordinance." Appellants' application must be viewed as one involving land development. Land development is defined as: "(i) the improvement of one or more contiguous lots, tracts or parcels of land for any purpose involving (a) a group of two or more buildings, or ..." Pennsylvania Municipalities Planning Code, *supra,* 53 P.S. §10107(11).

Although only a small portion of appellants' tract lies within Brookhaven, the land development plan involves the *entire* 13¼ acre tract. It is unreasonable to

separate the tract into two portions and then say that because the one-quarter acre portion contains only an access way, it does not fit the definition of land development. The parts must be viewed as a whole to reach the result contemplated by the Code. A view that transcends municipalities' boundaries is necessary to place the access way in its proper context as part of a plan, and thus viewed, it falls within the Code definition of land development.

We are not impressed with the argument that Ordinance No. 25 of Brookhaven precludes approval since it prohibits private streets. The stipulation of facts establishes that appellants will construct the access way to borough specifications and dedicate it as a street. Indeed, the stipulation further establishes that the Borough of Brookhaven Zoning Map of October 10, 1960, carried this very land as an extension of Gibson Boulevard, although a later map did not. This would seem to contradict appellee's position that this access way is a "scheme" conceived by appellants to be inflicted on Brookhaven as a benefit to Parkside. Indeed, since appellants purchased the land in Parkside while this access way appeared on Brookhaven's Zoning Map as a street, the situation might be viewed as just the contrary.

Accordingly, the record is remanded to the court below to make appropriate findings of fact and such conclusions of law as are warranted by the same and not inconsistent with this opinion.