## Korman Corporation Appeal

*William E. Benner,* for appellant.
*Robert C. Steiger,* for Northampton Township.

MIMS, *J.,* October 26, 1977—The applicants in this matter filed a land development plan for the development of a 25.5 acre tract for a shopping center. The parcel in question is located in an area designated C-S (Planned Business and Shopping District) which permits shopping centers. The plan which is the subject of this appeal was filed under the 1948 zoning ordinance for Northampton Township. After considering this plan in accordance with the procedures established by the municipality's

land development and subdivision ordinance, a detailed letter of rejection was sent to the developer and this appeal followed.

There appear to be two major issues raised by this case, one of which involves the right of the developer to make extensive revisions to the original development plan, which revisions were intended to meet the objections raised by the county and township planning commissions as well as the township board of supervisors. A determination must be made as to whether extensive, substantial or material changes in an original plan would in and of themselves constitute a new plan or new submission which could then be governed by a new ordinance subsequently adopted by the township. Secondly, there is the preliminary question of whether the township has submitted an adequate record upon which this court may act.

Going to the procedural question first, we find that there is no specific and clearly stated requirement in the Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, art. I, sec. 101, 53 P.S. §10101, that mandates that the township enter findings of fact and conclusions of law in anything other than proceedings before zoning hearing boards. With reference to zoning hearing boards, the code mandates at section 908, 53 P.S. §10908, that written findings of fact and conclusions of law along with a written decision of the board be filed within 45 days of the last hearing. The instant matter is not an appeal from a zoning hearing board and therefore is not directly controlled by section 908. Although reference can be made to the handling of matters before the zoning hearing boards, the section of the code which is directly applicable to these proceedings is section 1001 et seq., 53 P.S. §11001,

of the Municipalities Planning Code. The instant matter involves an appeal from action of the township board of supervisors denying the appellant's request for approval of the development of a shopping center and in such cases the Municipalities Planning Code provides, inter alia, that the township shall forward the entire record of proceedings before the township including "any transcript of testimony in existence and available to the governing body." See 53 P.S. §11008. The code goes on to provide at section 1010 that where the court takes additional testimony the court must then make its own findings of fact. The legislature is obviously implying although it does not specifically state that the township governing body should enter findings of fact. There can be no other reasonable interpretation of that section of the code and it is a fundamental rule of construction that the court by all aids available ascertain and give effect to the intention of the legislature as expressed in its statutes. See Act of November 25, 1970, P.L. 707, as amended, 1 Pa.C.S.A. §1921; see also Pennsylvania Human Relations Commission v. Alto-Reste Park Cemetery Association, 453 Pa. 124, 306 A. 2d 881 (1973); Appeal of Neshaminy Auto Villa Ltd., 25 Pa. Commonwealth Ct. 129, 358 A. 2d 433 (1976). Judicial construction of a statute becomes part of that piece of legislation from the time of its enactment and the same must be read so as to give effect to all of its provisions and provide for a reasonable construction. See Kelly v. Jones, 419 Pa. 305, 214 A. 2d 345 (1965); Harry C. Erb, Inc. v. Shell Construction Co., Inc., 206 Pa. Superior Ct. 388, 213 A. 2d 383 (1965).

In the case of Brauns v. Swarthmore Borough, 4 Pa. Commonwealth Ct. 627, 288 A. 2d 830 (1972),

Judge Kramer dealt extensively with the issue of compiling adequate records before municipal bodies before the matter comes before the court for review. The lower courts were urged to require full and complete records in order that full and complete justice be done in the courts. In those instances where full records are not prepared we are prompted to send the case back to the municipality to build one. Clearly, many of the zoning matters coming before our courts involve important property rights and should not be treated peremptorily. The court went on to state in the Brauns case, supra, at page 631 as follows:

"Prior to our disposition of the abuse of discretion issue, we must set forth our observations on the procedures utilized in this case. The absence of any formulation of procedures to be followed by the governing body or the courts in either statutory or decisional law necessitates such an explication. We first note that in Section 512 of the Code, 53 P.S. §10512, the Legislature has provided that the procedures to be followed should be carried out in the 'same manner' as is applied to zoning appeals."

This case was decided on March 27, 1972, and it appears that section 10512 was repealed on June 1, 1972. As is noted in the above quotation from the Brauns case, supra, section 10512 provided for the same procedure for appeals in subdivision and land development decisions as in zoning hearing board appeals. The entirety of the repealed section 10512 is as follows: "The decisions of the governing body or the planning agency with respect to the approval or disapproval of plats may be appealed directly to court in the same manner and within the same time limitations, as is provided for zoning appeals from

the decisions or findings of the zoning hearing board by this act."

Recognizing that this section was repealed on June 1, 1972, it did, however, indicate the sense of the legislature in incorporating the procedures in appeals from zoning hearing boards within the fabric of the entire Municipalities Planning Code.

In the Brauns case, supra, the entire record of testimony before borough council was contained on four pages of the record of actions before the council on that evening and among which was a short summary prepared by the borough secretary of the statements made by the various witnesses. The Commonwealth Court did not find the descriptions or summaries to be sufficient to permit the appellate courts to review with specificity the actions which transpired at the public hearing in its attempt to determine whether there was sufficient evidence to support the council's determination. Therefore, even if there is no statutory requirement of a verbatim record, findings of fact and conclusions of law, it is incumbent on the court to exercise its discretion in requiring a complete record to facilitate proper judicial review.

There are a number of decisions which flow from proceedings before municipal zoning hearing boards where the record was incomplete and the courts are uniform in their finding that the record was inadequate where no stenographic record was maintained and where no findings of fact were compiled. In DeFeo and P.A.D. Corp. v. Brookhaven Borough, 3 Pa. Commonwealth Ct. 377, 283 A. 2d 505 (1971), a case involving the development of a parcel of ground for the construction of apartment buildings, borough council denied the plan for reasons that were unclear on the record. There ap-

parently was no hearing since the record did not reveal any testimony having been received. Judge Wilkinson remanded the case and relied on section 908 of the Municipalities Planning Code.

In Rees v. Zoning Hearing Board of Indiana Township, 2 Pa. Commonwealth Ct. 551, 279 A. 2d 354 (1971), the court found that a zoning hearing board in rendering its decision must set forth specific findings of fact and conclusions based thereon together with reasons therefor. The court went on to state that no court can supply for a zoning hearing board the findings of fact or conclusions of law which it is its duty to render. In Swift v. East Hempfield Township Zoning Hearing Board, 20 Pa. Commonwealth Ct. 87, 340 A. 2d 592 (1975), another case involving proceedings before the zoning hearing board, the court held that the board is required to keep a stenographic record and transcript of proceedings before it and the absence of such a record necessitates a remand. See also Tri-Township Citizens Association v. Strausbaugh et al., 16 Adams 1 (1974); Shearer Appeal, 22 Cumberland 146 (1975).

The record in the instant case is no more than summaries of the witnesses appearing before the board of supervisors. We can only assume that the summary is accurate and that it includes the statements of all persons appearing before the board on this particular application. The Commonwealth Court has found such summaries unacceptable as a full record. However, we must recognize the rising costs and expense of municipal appeals both to the townships and to the applicants and must leave the question of when a verbatim record is necessary to the parties. More important to

the disposition of this case is that there were absolutely no findings of fact entered. The letter of rejection is certainly extensive but such cannot be a substitute for findings of fact upon which the letter of rejection is based. We therefore have no choice but to remand the matter to the township for a more complete record.

We would be remiss, however, if we did not observe that the substantive questions raised in this appeal have already been considered by the appellate courts. The municipality must decide whether the changes or revisions proposed by the applicant, Korman, are substantial and have a serious effect upon the general health and safety of the community. As we understand it, the developer proposes to build in a flood plain area and allegedly is in serious violation of the existing ordinances in some 24 respects.

Those questions must be dealt with by the municipality and thereafter should a proper record be compiled, then this court will consider the substantive questions. Based on the inadequate record that we have before us at this time, we must enter the following

ORDER

And now, October 26, 1977, this matter is remanded to the Northampton Township Board of Supervisors for such action as is necessary for the building of a complete record and such other action as it may deem appropriate.