552 A.2d 354

Alfred T. King, Jr., Appellant *v.* Perkasie Borough Zoning Hearing Board, Appellee.

Argued December 16, 1988, before Judges DOYLE and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Stephen A. Shelly, Hunn, Shelly & Samel,* for appellant.

*Donald B. Smith, Jr., Williams, Schildt & Mac-Minn,* for appellee.

*Carl N. Weiner, Hamburg, Rubin, Mullin & Maxwell,* for intervenor, Gerald Souder.

OPINION BY SENIOR JUDGE BARBIERI, January 9, 1989:

Alfred T. King, Jr. (Appellant) appeals the order of the Court of Common Pleas of Bucks County which affirmed the order of the Perkasie Borough Zoning Hearing Board (Board). The Board's order affirmed the decision of the Perkasie Borough Council (Borough) which approved the preliminary subdivision plan of Gerald Souder (Intervenor). We affirm the trial court.

Intervenor is the owner of a tract of land consisting of approximately 15.5 acres, of which some 14 acres are located in the Borough of Perkasie. The remaining acreage lies in a triangular piece at the rear of the tract within contiguous Hilltown Township. Behind Intervenor's property is a seven acre tract owned by Appellant which is also entirely in Hilltown Township.

In 1987, Intervenor filed a subdivision application with the Borough seeking to create the "Nob Hill" subdivision on his property. Under the plan, Intervenor's tract in the Borough of Perkasie would be subdivided into 25 residential lots and a stub street cul-de-sac would be constructed from the existing South Main Street at the front of the property to the rear of the tract in Perkasie Borough. The tract at the rear of the property in Hilltown Township would not be developed and would remain vacant. Moreover, the stub street would not extend through the Hilltown Township portion of the tract and connect up with Appellant's property in Hilltown Township, but would stop at the Borough of Perkasie boundary lines.

Section 164-19(H) of the Borough of Perkasie Subdivision and Land Development Regulations (Regulations) states that where a subdivision adjoins unsubdivided acreage, stub streets shall be provided to the boundary line of the adjoining property. Appellant intervened before the Borough contending that this regulation compels the Borough to order Intervenor to extend his stub

street across that portion of his unused property in Hilltown Township so as to provide access to Appellant's contiguous lot in Hilltown Township. The Borough declined to order Intervenor to construct streets in the next township as a condition for subdivision approval. The Borough granted preliminary approval of the Intervenor's plan on April 20, 1987. Appellant's appeal to the Board was dismissed after a hearing held on June 30, 1987.

The Board concluded that Section 164-1 of the Regulations only gave the Borough authority to control subdivision development within the boundaries of Perkasie Borough. The Board found that Section 164-22 of the Regulations limited the length of a stub street to 500 feet and this Regulation would be violated by extending the street through to Appellant's property in Hilltown Township. The Board also found that Appellant's property would not be landlocked by the construction of the new subdivision. Appellant's tract in Hilltown Township could be accessed by a private drive leading into the existing South Main Street in Perkasie Borough and by extending a street leading into another of Appellant's parcels in Perkasie Township which adjoins the tract in question. Intervenor also offered to sell Appellant the vacant lot in Hilltown Township at the rear of his property which adjoined Appellant's property, but Appellant declined. The trial court affirmed the Board's decision without taking additional evidence.

On appeal to this Court, Appellant presents three arguments which we will review *seriatim*. Appellant first argues that the Board erred in limiting the Borough's subdivision regulations to property within the Borough. Section 501 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10501, expressly states that a municipality may regulate subdivision and land

developed within the municipality by enacting a subdivision ordinance. The MPC contains no authority which would empower Perkasie Borough to compel the construction of streets in Hilltown Township. The Borough's powers stop at the Borough's boundary.

Anticipating this argument, Appellant next argues that it was error for Appellant's plan not to be submitted for approval to Hilltown Township as well as Perkasie Borough since under *DeFeo v. Brookhaven Borough,* 3 Pa. Commonwealth Ct. 377, 283 A.2d 505 (1971), a land development plan that extends into two separate municipalities must be examined as a whole rather than in portions corresponding with municipal boundaries.

In *DeFeo,* the appellants were owners of 13.25 acres of land, one quarter acre of which was located in the Borough of Brookhaven in Delaware County, the rest in neighboring Parkside Borough. The appellants planned to construct apartment buildings on their Parkside land and to use the Brookhaven portion of their tract for an access road. Appellants' application was approved by Parkside Borough but denied by Brookhaven Borough. Since neither the Borough nor the trial court conducted a hearing on appellants' application, this Court remanded to the trial court to make appropriate findings of fact and conclusions of law. The remainder of the Court's opinion is *obiter dicta.*

The Court stated that construction of an access road on the one quarter acre portion of the land in Brookhaven Borough met the definition of land development. Since appellants' plan involved land development of the entire 13.25 acre tract, the plan must be viewed as one that transcends municipal boundaries. *DeFeo,* 3 Pa. Commonwealth Ct. at 379-380, 283 A.2d at 507. We are readily able to distinguish *DeFeo* from the instant case. Under Intervenor's plan no development takes place in Hilltown Township. There is to be no construc-

tion or improvement of any road, building or structure. The 1.5 acre portion of Intervenor's land in Hilltown Township is to remain totally vacant.

Municipal intervention and approval under the MPC is triggered by development or proposed development. There is no need for Intervenor to seek the approval of Hilltown Township to maintain a vacant lot. Intervenor's proposed subdivision does not involve his entire tract as in *DeFeo* and does not affect Hilltown Township. Appellant's property is not disturbed by the proposed subdivision. Appellant is "aggrieved" only in the sense that Intervenor will not build a road up to his boundary line.

The trial court found that the intent of Regulation 164-19(H) was to ensure that landowners adjoining the proposed subdivision would have access to their property. But the right of access is merely the right of a reasonable connection with the public road system. *McCracken v. City of Philadelphia*, 69 Pa. Commonwealth Ct. 492, 451 A.2d 1046 (1982). The Board's finding that Appellant already enjoyed two connections to the public road system is supported by substantial evidence. Appellant could have secured a direct connection with the stub street in Intervenor's subdivision by purchasing the vacant lot in the Hilltown Township portion of Intervenor's land but declined to spend the money.

Finally, after the Board hearing in this case, the Borough's planning commission met in executive session to recommend final adoption of Intervenor's subdivision plan. Appellant asserts that this executive session violates the provisions of the Sunshine Act (Act), Act of July 3, 1986, P.L. 388, 65 P.S. §§271-286. Appellant appealed the decision of the Board, not the recommendation of the planning commission whose function is merely advisory. Whether or not the planning commission violated the Act is thus irrelevant. The order of the

Court of Common Pleas of Bucks County must be affirmed.

ORDER

Now, January 9, 1989, the order of the Court of Common Pleas of Bucks County at No. 87-6207-03-5, dated December 8, 1987, is hereby affirmed.