588 A.2d 1023

Gerald and Doris DOTTERER

v.

**The ZONING HEARING BOARD OF UPPER POTTSGROVE TOWNSHIP and Kenneth and Virginia Gephart.**

**Appeal of Kenneth and Virginia GEPHART.**

Commonwealth Court of Pennsylvania.

Argued Dec. 6, 1990.

Decided April 1, 1991.

Anthony R. Brasacchio, Reynier, Crocker, Allebach & Reber, P.C. Pottstown, for appellants.

David G. Garner, Binder, Kalis, Proctor & Breidenbach, Pottstown, for appellees.

Before COLINS and KELLEY, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

This is a zoning appeal taken by Kenneth and Virginia Gephart (the Gepharts) from an order of the Montgomery County Court of Common Pleas (trial court) which reversed the decision of the Zoning Hearing Board of Upper Pottsgrove Township (board) granting the Gepharts a variance and a special exception. For the reasons that follow, we will reverse.

The Gepharts own approximately seven acres of property which straddles Upper Pottsgrove and Douglass Townships. The Gepharts propose to subdivide their property into two lots along the line of demarcation between these two townships. *See* Attachment, in which the proposed Upper Pottsgrove Township lot is designated Lot No. 1 and the proposed Douglass Township lot is designated Lot No. 2.

As a step toward securing approval for their proposed subdivision, the Gepharts sought a *variance* from *section 407* of the zoning ordinance of Upper Pottsgrove Township (ordinance). This request was opposed by the Dotterers, appellees herein, who own property situated entirely within Upper Pottsgrove Township which abuts the Gepharts' property and is an interior lot with no access to a public road, except by right-of-way across the Gepharts' property. *See* Attachment. The Dotterers argued that the Gepharts' proposed subdivision, if approved, would "double landlock" their property.

After hearing, the board granted the Gepharts a variance from *section 406* of the ordinance, rather than from section 407. Section 406 directs that:

No dwelling shall hereafter be erected or altered unless there is direct access to it through an open space on the same lot. Such open spaces shall have a right-of-way of at least fifty (50) feet wide, and shall extend from the dwelling to a public street or highway.

Moreover, the Board also granted the Gepharts a *special exception* under *section 407* of the ordinance, which gov-

erns existing interior lots and allows a special exception as follows:

> An existing lot for which access to a public road is by a relatively narrow strip of land may be built upon only when authorized by a special exception. In computing the area of such lots, the area of the strip of ground connecting the lot with the public road shall not be considered. All buildings and other structures to be located on such lots shall be not closer than seventy-five (75) feet from surrounding lot lines, and the strip of ground connecting the lot with the public road shall be used as an access strip to only the particular lot in question. The Zoning Hearing Board shall consider the suitability of the strip of ground which connects the lot with the public road for use as an access driveway and shall assure that any such access driveway does not generate dust. The Zoning Hearing Board may impose such other conditions as may be required.

The board's grant of the variance and special exception to the Gepharts, however, was contingent upon the installation of a paved driveway on the proposed Douglass Township lot (Lot No. 2) which would serve as access to that lot separate from the existing right-of-way. *See* Attachment.

The Dotterers appealed the board's decision to the trial court. Following oral argument and submission of memoranda of law, the trial court reversed the board's decision, concluding that the board erred in granting the Gepharts a variance because their claimed hardship was self-inflicted and that the board abused its discretion by providing the Gepharts with unrequested relief.

The Gepharts now seek our review of the trial court's disposition. Our scope of review in a zoning appeal where the trial court, as here, took no additional evidence is, of course, limited to determining whether the board committed a manifest abuse of discretion or an error of law. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983).

 While neither party here challenges Upper Pottsgrove Township's jurisdiction over the subdivision approval sought by the Gepharts, we note, at the outset, that, in our opinion, both Upper Pottsgrove and Douglass Townships can have jurisdiction over the Gepharts' proposed subdivision under the circumstances of this case where the property at issue straddles the townships' boundary lines and the proposed subdivision involves portions of the property situated in each township. *See DeFeo v. Brookhaven Borough,* 3 Pa.Commonwealth Ct. 377, 283 A.2d 505 (1971). Due to these circumstances, we believe that "[a] view that transcends [each township's] boundaries is necessary to place the access way [involved here] in its proper context as part of [the Gepharts' proposed subdivision plan.]" *Id.,* 3 Pa.Commonwealth Ct. at 380, 283 A.2d at 507. *Contrast King v. Perkasie Borough Zoning Hearing Board,* 122 Pa.Commonwealth Ct. 510, 552 A.2d 354 (1989). This, of course, does not mean that either township may exert extraterritorial power over the portion of the property situated in the other township by restricting the use of that portion of the property. *See Baronoff v. Zoning Board of Adjustment of the Township of Lower Makefield,* 385 Pa. 110, 122 A.2d 65 (1956).[1]

Because we conclude that Upper Pottsgrove Township has jurisdiction over the particular subdivision approval sought here, it follows that the zoning regulations of Upper Pottsgrove Township must be satisfied or excused in order for the Gepharts to secure such approval from the board. From our review of the board's decision, it is readily apparent that the board granted a variance from section 406 of the ordinance "because the proposed [Upper Pottsgrove

1. In this regard, we note in passing that the board arguably attached an extraterritorial condition, the installation by the Gepharts of a paved driveway on the proposed Douglass Township lot (Lot No. 2). Despite the arguably extraterritorial nature of this condition, the Gepharts have not attacked it, presumably finding it agreeable, which is their prerogative. Also, the Dotterers, as objectors, have not attacked that condition, perhaps because the new driveway would avoid an increased use of the existing right-of-way used by them. Because this has not been raised as an issue before us, it will have no effect on our disposition of this case.

Township lot (Lot No. 1)] would have no frontage on a township road," Conclusion of Law No. 14, presumably so as to provide "direct access to it through an open space on the same lot" as contemplated by section 406.

Before subdivision, the narrow right-of-way provided direct access to Lot No. 1 as required by section 406, through open space "on the same lot," *i.e.*, through the unsubdivided tract—Lot Nos. 1 and 2 unified. Subdivision technically involves access through a *second* lot, the new Lot No. 2.

However, the variance is actually a *de minimis* one because the mere redesignation of the Douglass Township land by a new lot number involves no physical change or impact whatsoever (particularly because the uncontested paved driveway condition results in no added users with respect to the narrow right-of-way).

■ And the hardship is not a self-inflicted one. The unnecessary hardship underlying variance entitlement is defined by section 910.2 of the Pennsylvania Municipalities Planning Code[2] as "unnecessary hardship" due to "unique *physical* circumstances or conditions." (Emphasis added.)

Here, the unique *physical* situation is the tract's location without road frontage in Upper Pottsgrove Township, its placement astraddle the municipal boundary, and the availability of the sole road access adjacent to the Douglass Township portion. Those pre-existing physical facts have been in being; in no way do they spring from the addition of another lot designation by subdivision.

■ As to section 406's width requirement, we find that a variance therefrom is not required here, despite the fact that the pre-existing narrow right-of-way is not of the requisite width. A grant of a special exception pursuant to section 407 of the ordinance, which contemplates situations where access to a public road is by *a relatively narrow strip of land,* in our view, excuses the width deficiency of the pre-existing right-of-way and, under the circumstances

2. Act of July 31, 1968, P.L. 805, *as amended,* added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2.

here, negates the need for a width variance from section 406.

We likewise disagree with the trial court's view that the board abused its discretion in granting the Gepharts a special exception to section 407 of the ordinance when they requested a variance. Obviously, the appropriate special relief contemplated by section 407 is a special exception and not a variance.

Under these circumstances, where there is clearly no prejudice to the opposing party because the terms of the ordinance provision from which relief was requested put that party on notice as to the appropriate relief contemplated therein, we cannot, in good conscience, conclude that the board abused its discretion by granting unrequested relief when, in fact, the board granted the only appropriate relief contemplated under the ordinance provision from which relief was requested. The board merely treated the matter before it for what it really was, despite the Gepharts' inaccurate terminology, and we find no abuse of discretion in the board doing so. *See The Municipality of Monroeville v. The Zoning Hearing Board of Monroeville,* 92 Pa.Commonwealth Ct. 55, 498 A.2d 481 (1985).

Moreover, we note that the board based its decision to grant the Gepharts a special exception upon compliance with the express standards in section 407 and also upon the following factors which we believe sufficiently track applicable general standards set forth in the ordinance at section 1807 and which we find sufficiently supported by the record:

The premises appear to be suitable for the use desired, and neighboring properties will be adequately safeguarded. Conclusion of Law No. 20.

Although Mr. Dotterer opposed the application, ... he did not offer any substantive reasons for denying the application. Finding of Fact No. 10.

The advisory review by the Township Planning Commission was in favor of the relief requested. Finding of Fact No. 11.

Another neighbor, Mr. Smith, testified that he saw no reason to turn down the application. Finding of Fact No. 12.

■ Once an applicant for a special exception proves that the proposed use complies with the specific standards in the zoning ordinance, as here, he or she is entitled to a special exception unless the objector demonstrates that the use would adversely affect the community, including, of course, adjacent properties. *See Evans v. Zoning Hearing Board of Easttown Township*, 40 Pa.Commonwealth Ct. 103, 396 A.2d 889 (1979). No such adverse effect was shown here and, accordingly, contrary to the Dotterers' argument, we find no error by the board, and, as previously noted, no abuse of discretion, in granting the special exception at issue.

For the foregoing reasons, the trial court's order will be reversed.

## ORDER

AND NOW, this 1st day of April, 1991, the order of the Court of Common Pleas of Montgomery County, dated January 3, 1990, is reversed.

ATTACHMENT

(Hillside Driver
to public road--maintained
by Pa. Department of Highways