**Jed RAPAPORT, Dana Rapaport, and Marion Their**

v.

**ZONING HEARING BOARD OF THE CITY OF ALLENTOWN, and Kathleen Mosser, Appellant.**

**Kathleen MOSSER, Appellant,**

v.

**ZONING HEARING BOARD OF THE CITY OF ALLENTOWN.**

Commonwealth Court of Pennsylvania.

Argued Dec. 9, 1996.
Decided Dec. 24, 1996.

Emil W. Kantra, II, Allentown, for appellant.

Henry S. Perkin, Allentown, for appellees, Jed and Dana Rapaport and Marion Their.

Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Kathleen Mosser (Mosser) appeals from the order of the Court of Common Pleas of Lehigh County that affirmed in part and reversed in part the decision of the Zoning Hearing Board of the City of Allentown (ZHB), and denied Mosser's application to use the subject property as a playground. We affirm.

Mosser entered into an agreement [1] to purchase a certain undeveloped tract of land on Albright Avenue, in Allentown, Lehigh County, to use as a playground in connection with her child care business.[2] Mosser's application for a zoning permit was denied and she appealed to the ZHB.

Before the ZHB, Mosser asserted that the proposed use is permitted by § 1319.02(4) of the Zoning Ordinance of the City of Allentown (Ordinance), which provides that "public parks or playgrounds or governmental uses" are permitted uses in the medium-density residential zone, R–M zoning district, where the subject property is located. In the alternative, Mosser claims that the proposed use qualifies as a day care center, a use permitted by special exception in the R–M zoning district. Section 1319.04(6) of the Ordinance.

Following a hearing, the ZHB granted Mosser's application for zoning relief, finding the proposed playground similar in nature to a public playground, a permitted use, but imposed several conditions upon the property. The ZHB denied the use as a day care center, finding that the proposed playground was not itself a day care center and thus, was not permitted by special exception.

Jed and Dana Rapaport and Marion Their (Neighbors) filed an appeal. Mosser also appealed asserting that the imposed conditions were improperly placed upon the permitted use and thus, the ZHB had exceeded the scope of its authority.

---

1. Mosser entered into an agreement of sale with David and Violet Roth which would convey the property. Conveyance of the property is contingent upon Mosser's ability to obtain zoning approval to use the subject property as a playground in conjunction with two day care centers she owns in the vicinity.

2. Mosser owns First Step Child Care, Inc., a day care center, with two places of business near the proposed playground.

The trial court denied Mosser's appeal and granted the Neighbors' appeal. The trial court criticized the ZHB's analysis that the proposed use of a playground by a private day care center was similar in nature to a public playground citing *White v. Smith*, 189 Pa. 222, 228, 42 A. 125, 126 (1889), which states:

> The essential feature of a public use, is that it is not confined to privileged individuals, but is open to the indefinite public. It is this indefinite or unrestricted quality, that gives it its public character.

■ On appeal to this court,[3] Mosser argues that the trial court erred in affirming the ZHB's determination that the proposed playground was not a day care center, permitted by special exception. Mosser also asserts that the trial court erred in reversing the ZHB's holding that the proposed playground was permitted because it was similar in nature to a public playground, a permitted use under the Ordinance.

■ Mosser contends that the proposed playground is permitted by special exception pursuant to § 1319.04(6) of the Ordinance, which provides that "day care centers" are permitted by special exception in the R–M zoning district.

■ A special exception has been defined as a permitted use in which the applicant establishes that the proposed use satisfies the requirements of the zoning ordinance. *Lukens v. Ridley Township Zoning Board of Adjustment*, 367 Pa. 608, 80 A.2d 765 (1951). An application for a special exception initially involves a determination as to whether or not the application meets the criteria of the ordinance's special exception provision. *Bray v. Zoning Board of Adjustment*, 48 Pa.Cmwlth. 523, 410 A.2d 909 (1980). Once the applicant has established that the proposed use complies with the terms of the ordinance which ex-

pressly governs such a grant, the burden shifts to the objectors to establish that the proposed use would adversely affect the public health, safety or welfare. *Dotterer v. Zoning Board of Upper Pottsgrove Township*, 138 Pa.Cmwlth. 615, 588 A.2d 1023 (1991).

Thus, before determining whether the proposed playground would meet the criteria for special exception approval, the ZHB had to determine whether the proposed playground even constituted a "day care center." The ZHB concluded that the proposed playground "is not itself a child day care center and, therefore, is not permitted by special exception." (ZHB decision at 4–5). The trial court agreed.

Mosser, however, argues that "while the proposed use is not a traditional day care center because there exists no structure on the property to house the children, the proposed use meets the definition of day care center under the Ordinance." (Mosser's Brief at 16).

■ The Ordinance defines "day care center" as follows:

> [A]ny premises operated for profit in which child day care is provided simultaneously for seven (7) or more children who are not relatives of the operator.

§ 1303.01(22)(a) of the Ordinance. The Ordinance does not define "premises." Thus, the word "premises" must be given its "usual and ordinary meaning." *Manor Healthcare Corp. v. Lower Moreland Township Zoning Hearing Board*, 139 Pa.Cmwlth. 206, 590 A.2d 65, 68 (1991).[4] *Webster's Ninth New Collegiate Dictionary* (1985) at 952, defines "premises" as "a tract of land with the buildings thereon"; and as "a building or part of a building...." When an ordinance is doubtful or ambiguous in meaning, it must be construed according to recognized rules of construction, in order to determine and give

---

**3.** Because the trial court received no additional evidence, our scope of review is to determine whether the ZHB abused its discretion, committed an error of law or made findings of fact which were not supported by substantial evidence. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983).

**4.** In order to give an undefined term its usual and ordinary meaning, the court may consult definitions found in statutes, regulations or dictionaries for guidance. *Interim House, Inc. v. Philadelphia Zoning Board of Adjustment*, 36 Pa. Cmwlth. 54, 387 A.2d 511 (1978).

effect to the legislative intention expressed in it. *Lonzetta v. Township of Hazle*, 30 Pa. Cmwlth. 503, 374 A.2d 743, 745 (1977). Further, in attempting to determine the intent of the governing body, it is important to note that an ordinance "should, when possible, be construed to give effect to all of its provisions, . . . and a particular section of a piece of legislation should (absent legislative direction to the contrary) be construed as an integral part of the whole, and not as a separate portion with an independent meaning." *Crary Home v. Defrees*, 16 Pa.Cmwlth. 181, 329 A.2d 874, 876 (1974).

Thus, the definition of "day care center," as set forth in § 1303.01(22)(a) of the Ordinance, must be read with reference to other pertinent provisions of the Ordinance. Because a day care center is permitted by special exception in the R–M Zoning District, the definition must be read with reference to § 1353.04, which sets forth the specific standards a day care center must meet in order to be approved as a special exception use:

> (1) A statement setting forth full particulars on the operation to be conducted within the structures, and to include the approvals of the Pennsylvania Departments of Health, Labor and Industry, State and Public Welfare, Human Relations Commission as well as to Title VI of the Civil Rights Act of 1964, shall be filed with a zoning hearing board.
>
> (2) The board shall determine whether such structure or use will not be detrimental to surrounding property and the design of any structures erected in connection with such use shall be in keeping with the general character of the area, and such lot shall meet the requirements of the available zone as set forth in Article 1309 schedule of area, yard and building requirements.
>
> (3) Buffer strips as required by Article 1347 shall be provided.

It is obvious the standards, set forth in § 1353.04 of the Ordinance, clearly reveal that a day care center contemplated by the Ordinance contains some sort of building or structure. Therefore, we hold that the trial court correctly affirmed the ZHB's analysis that the proposed playground was not a day care center as contemplated under the Ordinance.

■ Next, Mosser argues that the trial court erred in reversing the ZHB's holding that the proposed playground was not so similar in nature so as to be a permitted use in the R–M zoning district.

■ Whether a proposed use falls within a given category contained in a zoning ordinance is a question of law, subject to our review. *Danwell Corp. v. Plymouth Township Zoning Hearing Board*, 115 Pa.Cmwlth. 174, 540 A.2d 588 (1988). The ZHB determined that the proposed playground is permitted under § 1319.02(4) of the Ordinance, which lists "public parks or playgrounds or governmental uses" as permitted in the R–M zoning district. The ZHB found that although the proposed playground was privately owned it fell within the parameters of "public parks or playgrounds" because "there is no substantial difference between a public playground which is a permitted use and a private playground which is not." However, the trial court found that the evidence demonstrated that the proposed use was completely private in nature, and thus, clearly not permitted in the R–M zoning district.

The term "public" is also not defined in the Ordinance and thus, must be given its "usual and ordinary meaning." *Manor Healthcare.* The trial court cited the definition of public as set forth by our Supreme Court in *White v. Smith*, and held that the proposed playground was not so similar to a public park or playground because it was not accessible to or could be shared by all members of the public.[5]

---

5. The Supreme Court in *Van Sciver v. Zoning Board of Adjustment of Philadelphia*, 396 Pa. 646, 152 A.2d 717 (1959), held that the city's zoning ordinance required the zoning hearing board to permit a use that was "of the same general character" as uses specifically permitted. The zoning ordinance under consideration in *Van Sciver*, specifically permitted the zoning hearing board to grant a special exception for uses of the same general character as the uses specified in the ordinance. Here, the Ordinance does not authorize the ZHB to permit a use that is "similar in nature to," or "of the same general character as," uses specially permitted.

Mosser relies on *Ludwig v. Zoning Hearing Board of Earl Township,* 658 A.2d 836 (Pa.Cmwlth.1995), to support her argument that the proposed playground is permitted because it is similar in nature to a public playground, as did the ZHB. The trial court found this reliance misplaced, as do we.

In *Ludwig,* the zoning ordinance permitted a golf driving range in a rural district only if it was owned and operated by a non-profit agency. We determined that the township, by enacting a zoning ordinance which distinguished between profit and non-profit owners, erroneously attempted to regulate ownership, as opposed to regulating the nature of the use.

▇ Here, the Ordinance distinguishes between public and private ownership of playgrounds. But, it is readily apparent that the distinction is *not based on the nature of* the ownership, but upon the nature of the use itself, which we hold is permissible. We have carefully reviewed the evidence and agree with the trial court's analysis that the proposed use is not so similar as to prompt a digression from the established permitted uses.

Therefore, we hold that the trial court properly reversed the ZHB's holding that the proposed playground was permissible because it was similar in character to the Ordinance's permitted "public playground."

Accordingly, we affirm.

### ORDER

AND NOW, this 24th day of December, 1997, the order of the Court of Common Pleas of Lehigh County in the above-captioned matter is hereby affirmed.