**Doug KISSELL, Appellant,**

**v.**

**FERGUSON TOWNSHIP ZONING HEARING BOARD.**

Commonwealth Court of Pennsylvania.

Argued Feb. 10, 1999.

Decided May 6, 1999.

---

Robert F. Young, State College, for appellant.

David D. Engle, State College, for intervenor, Township of Ferguson.

Before COLINS, President Judge, and McGINLEY, J., PELLEGRINI, J., FRIEDMAN, J., KELLEY, J., FLAHERTY, J. and LEADBETTER, J.

KELLEY, Judge.

Doug Kissell appeals from the order of the Court of Common Pleas of Centre County (trial court) that affirmed the decision of the Ferguson Township Zoning Hearing Board (board) which denied Kissell's appeal from an enforcement notice and Kissell's alternative application for a variance. We reverse.

The facts of this case may be summarized as follows. Kissell leases a parcel of property located in the General Commercial zoning district of Ferguson Township (township). On this site, Kissell owns and operates a retail business which sells and rents lawn, garden, and recreational equipment. Some of these products, specifically riding and self-propelled lawn mowers and lawn and garden tractors, are displayed outside the building on the premises and in the front yard setback area of the property.

On February 12, 1997, the township's zoning officer sent an enforcement notice to Kissell stating that "motor vehicles" for sale or for rent were being stored and displayed in the front yard setback area of the property in violation of section 709.-F.(2) of the township's zoning ordinance.[1]

---

1. Section 709.F. of the zoning ordinance states, in pertinent part:

F. Parking for Vehicles for Sale or Rental and for Vehicle Storage. Motor vehicles, motorcycles, mobile homes, recreational vehicles, boats and marine craft, held for sale or rental, may be displayed or stored only in accordance with the terms of this subsection:

(1) Motor vehicles, motorcycles, mobile homes, recreational vehicles, boats and marine craft held for sale or rental may be displayed or stored only on the lot of the

The notice directed both the owner of the property and Kissell to cease and desist the violation, and to comply with the ordinance on or before March 14, 1997.

Kissell appealed the enforcement notice to the board on the basis that the riding and self-propelled lawn mowers and lawn and garden tractors displayed on the property are not "motor vehicles" as used in section 709.F.(2) of the zoning ordinance. In the alternative, Kissell sought a variance to permit the display of these items within the front yard setback area.

On April 17, 1997, a hearing on Kissell's appeal and variance request was conducted before the board. On May 9, 1997, the board issued a decision in which it denied Kissell's appeal, but granted a partial variance for an additional area of storage. In the decision, the board noted that the terms "vehicle" and "motor vehicle" are not defined in the township's zoning ordinance. However, under section 1102 of the ordinance [2], the board determined that the term "vehicle" should be interpreted in its more universal sense as a device for carrying passengers or goods regardless of where it is used. Given this interpretation, the board concluded that the zoning officer's interpretation of section 709.F.(2) of the ordinance was correct, and the display of lawn tractors, riding mowers and other equipment within the setback area violated this section.

On June 9, 1997, Kissell filed an appeal of the board's decision with the trial court. On March 30, 1998, the trial court issued an order and opinion affirming the board's decision. Kissell then filed the instant appeal in this court.

The sole claim raised by Kissell in this appeal is that the trial court erred in affirming the board's order. In particular, Kissell contends that the board erred in broadly defining the term "motor vehicle" to include riding and self-propelled lawn mowers and lawn and garden tractors, and erred in determining that the display of these items in the front yard setback area violated section 709.F.(2) of the township's zoning ordinance.

■ We initially note that where, as here, the trial court did not take any additional evidence, our scope of review is limited to determining whether the board abused its discretion, committed an error of law, or made findings of fact that are not supported by substantial evidence. *Rapaport v. Zoning Hearing Board of the City of Allentown,* 687 A.2d 29 (Pa. Cmwlth.1996).

In affirming the board's decision in this case, the trial court stated, *inter alia:*

The [board]'s definition of "motor vehicle" is broad and upon hearing and review of the same testimony and evidence, this Court may have adopted a more narrow definition. However, the [board]'s definition of "motor vehicle" does not constitute an abuse of discretion or an error of law and, therefore, cannot be disturbed by this Court. [The board]'s definition of "motor vehicle" in "its more universal sense" is supported by substantial evidence presented at the April 17, 1997 hearing. In addition, [the board]'s definition comports with the applicable rules of statutory construction, 1 Pa.C.S.A. § 1903 and § 1102 of the Ferguson Township Zoning Ordinance, which provide that if a term is not de-

principal place of business of the owner of the sale or rental business, or on a separate lot, but only if the separate lot is used for no other purpose than the display or storage of said items. In all cases, such activity and use may only occur in the General Commercial District.

(2) All areas used for such display or storage must be located in accordance with

the setback requirements set forth in this Chapter for parking lots, excepting no storage or display is allowed within the front yard setback...

**2.** Section 1102 of the zoning ordinance states, in pertinent part, that "[a]ll words and terms not defined herein shall be used with a meaning of standard usage."

fined, it must be given a standard, ordinary and general usage meaning.

Trial Court Opinion, p. 5.

However, as we have previously stated:

Although the Statutory Construction Act, 1 Pa.C.S. §§ 1501–1991, does not apply expressly to zoning and subdivision ordinances, the principles contained in that act are followed in construing a local ordinance. *Patricca v. Zoning Board of Adjustment*, [527 Pa. 267, 274], 590 A.2d 744, 747 (1991); *Council of Middletown Township v. Benham*, 514 Pa. 176, 523 A.2d 311 (1987). Words and phrases of local ordinances shall be construed according to the rules of grammar and according to their common and approved usage. 1 Pa.C.S. § 1903(a); *Patricca*, [527 Pa. at 274–75], 590 A.2d at 747–48. Zoning ordinances should be construed in a sensible manner. *Council of Middletown Township*, 514 Pa. at 187, 523 A.2d at 317. In interpreting provisions of a zoning ordinance, undefined terms must be given their plain, ordinary meaning, 1 Pa.C.S. § 1903(a), and *any doubt must be resolved in favor of the landowner and the least restrictive use of the land. Appeal of Mt. Laurel Racing Association*, 73 Pa.Commonwealth Ct. 531, 534–35, 458 A.2d 1043, 1044–45 (1983).

*Tobin v. Radnor Township Board of Commissioners*, 142 Pa.Cmwlth. 567, 597 A.2d 1258, 1264 (1991) (emphasis added); *see also* Section 603.1 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, added by Act of December 21, 1988, P.L. 1329, *as amended*, 53 P.S. § 10603.1 ("In interpreting the language of zoning ordinances to determine the extent of the restriction upon the use of the property, the language shall be interpreted, where doubt exists as to the intended meaning of the language written and enacted by the governing body, in favor of the property owner and against any implied extension of the restriction.")

In construing the relevant provisions of the township's zoning ordinance, we generally use dictionaries as source material to determine the common and approved usage of a term. *Fogle v. Malvern Courts, Inc.*, 554 Pa. 633, 722 A.2d 680 (1999); *Love v. City of Philadelphia*, 518 Pa. 370, 543 A.2d 531 (1988). The term "motor vehicle" is defined as "an automotive vehicle not operated on rails; *esp:* one with rubber tires for use on highways." Webster's Third New International Dictionary (unabridged 1986).

We fail to see how Kissell's display of riding and self-propelled lawn mowers and lawn and garden tractors in the front yard setback area falls within the ambit of the prohibition regarding the display of "motor vehicles" in this area. Although the term "motor vehicles" is not defined in the ordinance, it is doubtful that riding and self-propelled lawn mowers and lawn and garden tractors would be included in the definition of that term as it is commonly and ordinarily used.

In addition, any doubt in this regard should be resolved in favor of the landowner and the least restrictive use of the land. *Tobin; Appeal of Mt. Laurel Racing Association*. As a result, the board erred in determining that the items displayed by Kissell fell within the prohibition contained in section 709.F.(2) of the township's zoning ordinance, and the trial court erred in the affirming the board's decision.

Accordingly, the order of the trial court is reversed.

## O R D E R

AND NOW, this 6th day of May, 1999, the order of the Court of Common Pleas of Centre County, dated March 30, 1998 at No. 1997–1356 is reversed.

PELLEGRINI, Judge, concurring and dissenting.

I join with the majority opinion except that I would find riding-garden tractors to be motor vehicles.

COLINS, President Judge, dissenting.

I must respectfully dissent to the majority opinion. It is my belief that lawn and garden tractors of the size in the instant matter would fall within the definition of "motor vehicles."

Therefore, I believe that the displaying of these vehicles within the front yard setback area of the property is a violation of the local zoning ordinances, and I would affirm the Court of Common Pleas of Centre County.